[Civil No. 3068.   Filed January 19, 1932.]

[6 Pac. (2d) 1115.]

## GEORGE   BROWNELL, Appellant,  v.   W.   E. FREEDMAN, Appellee.

Messrs. Struckmeyer & Jennings and Mr. T. E. Scarborough, for Appellant.

Mr. Alexander Murry and Mr. George M. Roark, for Appellee.

LOCKWOOD, J.—W. E. Freedman, hereinafter called plaintiff, brought suit in the superior court of Pima county against George Brownell, hereinafter called defendant, for personal injuries alleged to have been sustained by the former in an automobile accident which he claimed to have occurred as the result of the negligence of defendant. The case was tried to a jury, which returned a verdict in favor of defendant. Thereafter a motion for a new trial was filed by plaintiff, which was taken under advisement and finally granted without specifying the ground upon which the order was made, and from such order of the court granting a new trial this appeal was taken.

It is, of course, the law that, when a new trial is granted by the trial court with no specific reasons therefor, if in the record there appears any reason why it would have been within its discretion to grant the motion, we must assume the order was based upon such reason. Upon examining the record in this case, we are of the opinion that, if the order is to be sustained, it must be on the ground that the verdict is contrary to the weight of the evidence, and we discuss the case from this angle. The evidence, interpreted in the strongest manner in behalf of plaintiff, as we must interpret it under our oft-repeated rule, shows the facts to be as follows:

Plaintiff at the time of the accident was residing in Bisbee. The young lady who afterwards became his wife, together with a friend of hers, had been visiting there, and was about to return to her home. Due to some trouble with his automobile, he was unable to take the ladies to the train, and, meeting defendant, who was his friend, asked the latter if he

would take them, to which defendant agreed. When the four arrived at Naco the train was not yet there, and defendant suggested that they go across the line and get something to eat. Thereafter he offered to take all of the parties to Tucson in his automobile. Plaintiff asked him if that would not inconvenience him, to which defendant replied that he had some business affairs he would take care of at different places on the way over, and that it would be no inconvenience at all.

One of the ladies drove the car until the party was within about twenty-five miles of Tucson, when defendant took the wheel. Shortly after this, and while defendant was driving it, the automobile ran off the highway, and plaintiff was more or less severely injured. The particular negligence alleged is that "said defendant negligently and carelessly fell asleep while so driving said automobile and lost control of said automobile, and that the defendant's carelessly and negligently falling asleep while driving said automobile resulted in said automobile running off the highway and throwing the said plaintiff against the sides, top and seats of said automobile."

The rule of law applicable to the negligence alleged in the complaint is well stated by the court in the case of *Bushnell* v. *Bushnell,* 103 Conn. 583, 44 A. L. R. 785, 131 Atl. 432, as follows:

"In any ordinary case, one cannot go to sleep while driving an automobile without having relaxed the vigilance which the law requires, without having been negligent. It lies within his own control to keep awake or cease from driving. And so the mere fact of his going to sleep while driving is a proper basis for an inference of negligence sufficient to make out a *prima facie* case, and sufficient for a recovery, if no circumstances tending to excuse or justify his conduct are proven. *Carlson* v. *Connecticut Co.,* 95 Conn. 724, 112 Atl. 646; *Sliwowski* v. *New York, N. H. & H. R. Co.,* 94 Conn. 303, 309, 108 Atl. 805; 1 Shear-

man & Redfield, Negligence, § 58a et seq.; posthumous paper of Ezra Ripley Thayer, 29 Harvard Law Review, 807. If such circumstances are claimed to have been proven, it then becomes a question of fact whether or not the driver was negligent; and, in determining that issue, all the relevant circumstances are to be considered, including the fact that ordinarily sleep does not come upon one without warning of its approach. 5 Wigmore, Evidence (2d ed.), § 2491. The trial court was right in leaving the issue to the jury as one of fact, but it might properly have gone farther and called attention to the last-mentioned feature of the case.''

If, therefore, there was sufficient evidence submitted by plaintiff from which a jury could reasonably believe that the injury in the present case was caused through defendant's falling asleep while driving an automobile, there was a *prima facie* case of negligence made out, and it was incumbent upon defendant to show circumstances tending to excuse or justify his conduct. In the case at bar, plaintiff testified that immediately after the accident he asked defendant what happened, and the latter replied, ''I fell asleep.'' This is corroborated by the testimony of plaintiff's present wife, one of the young ladies who was in the car at the time. Defendant was called for cross-examination under the statute, and testified that the reason he left the road was because he saw some horses on the road just ahead of the car, and turned off to avoid hitting them. He also denied that he was asleep at the time of the accident. But, in response to the question as to whether he had not made the statement above attributed to him by plaintiff and his wife, his answer was that he did not remember, and would not swear that he did not say it. Under such circumstances there was certainly an issue of fact to go to the jury, and it might properly have found either that the accident was caused through plaintiff's falling asleep while driving the

car, or by his turning off the road to avoid collision with some horses. In the first case, their verdict should have been for plaintiff, in the second for defendant. They resolved the issue in favor of defendant. The question then is, Did the court on this state of the record have the right to set aside the verdict on the ground that it was contrary to the weight of the evidence?

It must be remembered that a very different rule applies to the setting aside of a verdict by the trial court on the ground that it is contrary to the weight of the evidence and to the same action taken by this court. We have invariably held that this court will not disturb a verdict on the ground that it is contrary to the weight of the evidence. On the other hand, we have held with equal emphasis that it is not only the right of the trial court to set it aside under such circumstances, but that it is its duty, and we have even gone so far as to express our regret that trial courts did not more courageously and frequently exercise their prerogative in this respect. *Dennis* v. *Stukey,* 37 Ariz. 299, 294 Pac. 276. The trial judge, so far as this duty is concerned, sits as a thirteenth juror, and he, as well as the jury, must be convinced that the weight of the evidence sustains the verdict, or it is his imperative duty to set it aside, and his discretion can no more be questioned by us, except for an abuse thereof, when he uses it in favor of setting aside a verdict, than when he exercises it in an opposite manner and refuses to take such action. On the evidence as above stated and the unquestioned law of the case, we cannot say affirmatively that the discretion vested in the trial court was abused.

The rule of law that the driver of an automobile is responsible for injuries to a guest which are a result of simple and ordinary negligence such as this

record shows, if any, is a harsh one, and it might be well if the legislature were to provide that only wanton and wilful negligence was actionable under such circumstances, but we must apply the law as it exists, and not as we think it should be.

For the foregoing reasons, the order of the superior court granting a new trial is affirmed.

McALISTER, C. J., and ROSS, J., concur.