505 P.2d 242

**STATE of Arizona, Appellant,**

v.

**Dennis Patrick McIVER, Appellee.**

No. 2529.

Supreme Court of Arizona,
In Division.

Jan. 10, 1973.

Gary K. Nelson, Atty. Gen., Moise E. Berger, Maricopa County Atty., Phoenix, Thomas R. McCowan, Deputy Yavapai County Atty. and Sp. Asst. to the Atty. Gen., Prescott, for appellant.

Gibson & Gibson by Franklin K. Gibson, Phoenix, for appellee.

STRUCKMEYER, Justice.

This appeal is by the State of Arizona from an order of the Superior Court of Maricopa County granting a new trial to Dennis Patrick McIver, convicted by jury of the crime of armed robbery.

The only contested issue at the trial was the identity of the perpetrator of the offense. The complaining witness was a clerk in an auto supply house. He was robbed at the point of a gun by a clean-shaven individual. About a week later, he saw the defendant in the auto supply house transacting some business and caused his arrest as the perpetrator of the offense. Defendant at that time had a beard which he had been growing for three weeks in anticipation of a community celebration.

By the Rules of Criminal Procedure, Rule 310, 17 A.R.S., a new trial may be granted if the verdict is contrary to the weight of the evidence. The trial judge, in granting defendant's motion for a new trial as contrary to the weight of the evidence, expressed the view that in his opinion there was a reasonable doubt as to whether defendant was guilty. In State v. Saenz, 88 Ariz. 154, 353 P.2d 1026 (1960), we adopted with approval the test laid down in the civil case, Smith v. Moroney, 79 Ariz. 35, 39, 282 P.2d 470, 472 (1955), that:

"We will not disturb an order granting a new trial unless the probative force of the evidence clearly demonstrates that the trial court's action is wrong and unjust and therefore unreasonable and a manifest abuse of discretion."

As was stated by the court in People v. Ramos, 33 A.D.2d 344, 347; 308 N.Y.S. 2d 195, 197–198 (1970), in recognizing that juries are not infallible:

"In summary, and briefly stated, the powers vested in the Trial Judge with respect to a jury verdict should be conscientiously exercised on the basis of the record but in the interests of justice. In a criminal case, he should bear in mind that 'in the case of a reasonable doubt whether his [defendant's] guilt is satisfactorily shown, he is entitled to an acquittal'. This is the standard of proof required by law in such a case 'and the proof must conform to that standard before there can be a lawful conviction'. Where the proof so clearly fails to come up to the statutory standard so that the matter may be determined as a matter of law, the trial court has the duty to intervene and direct an acquittal. But in a particular criminal case, the evidence may be sufficient to require submission to a jury and yet be so unsatisfactory that a verdict of guilty would be so against the weight of the evidence that it should be set aside. Where, on the coming in of a verdict of guilty, the trial court conscientiously concludes that the weight of the evidence does not support a finding of guilt beyond a reasonable doubt, the court should set aside a verdict of guilty and grant a new trial." (Citations omitted.)

In the instant case, the trial court conscientiously concluded that the weight of evidence did not support a finding of guilty beyond a reasonable doubt.

Since the foregoing disposes of the only significant issue raised by the appeal, it is ordered that the order of the court below granting a new trial is affirmed.

CAMERON, V. C. J., and HOLOHAN, J., concur.