IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

————————

**STATE OF ARIZONA,**
*Appellant,*

*v.*

**ROBERT FISCHER,**
*Appellee.*

————————

No. CR-15-0380-PR
Filed April 17, 2017

————————

Appeal from the Superior Court in Maricopa County
The Honorable Karen A. Mullins, Judge
No. CR2012-006869
**AFFIRMED**

————————

Opinion of the Court of Appeals, Division One
238 Ariz. 309, 360 P.3d 105 (App. 2015)
**VACATED IN PART**

————————

COUNSEL:

William G. Montgomery, Maricopa County Attorney, Diane Meloche (argued), Deputy County Attorney, Phoenix, Attorneys for State of Arizona

Stephen C. Biggs (argued), Steven C. Smith, Smith LC, Phoenix, Attorneys for Robert Fischer

Timothy J. Eckstein (argued), Randy McDonald, Osborn Maledon, P.A., Phoenix, Attorneys for Amicus Curiae Arizona Attorneys for Criminal Justice

Mark Brnovich, Arizona Attorney General, Dominic Draye, Solicitor General, Joseph T. Maziarz, Chief Counsel, Linley Wilson, Assistant Attorney General, Criminal Appeals Section, Phoenix, Attorneys for Amicus Curiae Arizona Attorney General

————————

JUSTICE BRUTINEL authored the opinion of the Court, in which CHIEF JUSTICE BALES, VICE CHIEF JUSTICE PELANDER, and JUSTICES TIMMER and BOLICK joined.

_____

JUSTICE BRUTINEL, opinion of the Court:

¶1          A jury found Robert Fischer guilty of second degree murder. But the trial court, under Arizona Rule of Criminal Procedure ("Rule") 24.1(c)(1), determined that the verdict was contrary to the weight of the evidence and granted a new trial.  Independently reexamining the evidence, the court of appeals concluded that the trial court erred by granting a new trial.  We hold that the court of appeals exceeded the proper scope of deferential appellate review by independently reweighing the evidence rather than determining if substantial evidence supported the trial judge's ruling.  Because substantial evidence supports the trial court's determination, we affirm the order granting a new trial.

## I.    BACKGROUND

¶2          Defendant Robert Fischer is an attorney and a former police officer.  While visiting his family in late December 2010, Fischer, his step-daughter Belinda, and Belinda's husband, Lee, stayed up talking and drinking.  Around 10 p.m., Lee excused himself to make a phone call and check his email.  He returned worried and upset and showed Fischer an email about a non-compete agreement.  Belinda went to bed around 11:30 p.m., and Fischer and Lee continued drinking heavily.

¶3          Fischer testified that he awoke the next morning to a popping sound and found a man on the kitchen floor in a pool of blood.  Confused and unaware of the man's identity, he called 911, and police officers arrived shortly thereafter.  Lee — the man on the floor — had a single gunshot wound to his head; there was a handgun in Lee's right hand, and his thumb was in the trigger guard.

¶4          During his police interview, Fischer seemed confused and had difficulty keeping track of the time.  Fischer admitted the gun was his but explained that he had disassembled it upon arriving at Belinda and Lee's house. Fischer stated that he wanted to help the police figure out what had happened but he was unable to remember.

¶5          The police obtained a search warrant to acquire physical evidence from Fischer and Belinda.  There was blood on Fischer's left foot and on the left side of his left pajama pant leg.  The police swabbed Fischer's feet, performed a gunshot residue test, and took fingerprints and a blood sample.  Crime scene specialists seized and analyzed additional evidence from the house.

¶6          The State charged Fischer with second degree murder and tried the case on the theory that Fischer shot Lee and then manipulated the scene to make it appear that the gunshot wound was self-inflicted.  During trial, the court admitted expert testimony regarding the blood spatter, the gun and its position in Lee's hand, the DNA and fingerprint evidence, the gunshot residue, and the likelihood of Fischer having blacked out from alcohol consumption.

¶7          Following the guilty verdict, Fischer moved for a new trial under Rule 24.1(c)(1).  The trial court considered the evidence and determined:

> There was, quite simply, no physical evidence that the Defendant fired the gun that killed Lee. The physical evidence establishes only that the Defendant was present in a chair near where Lee was sitting at the time of [sic] the gun was fired.  Det. Acosta's opinion that the Defendant staged the scene by manipulating Lee's body is not supported by the physical evidence, lacks credibility, and is sheer speculation.

In its lengthy minute entry, the court chronicled the physical evidence supporting its conclusion that the guilty verdict was contrary to the weight of the evidence and granted the motion for a new trial.

¶8          The court of appeals reversed. *State v. Fischer*, 238 Ariz. 309, 322 ¶ 82, 360 P.3d 105, 118 (App. 2015).  After independently examining the evidence, the court concluded that the jury properly weighed the evidence and its verdict was not a miscarriage of justice.  *Id*. at 321 ¶ 76, 360 P.3d at 117.  The court of appeals also concluded that the trial court abused its discretion "by making factual findings that were not supported by the

3

record, and by failing to consider all the evidence in reaching its conclusions." *Id.* at 316 ¶ 29, 360 P.3d at 112.

¶9 We granted review to consider the proper role of the trial court in deciding whether a verdict is contrary to the weight of the evidence, a question of statewide importance. We also consider whether the court of appeals erred in its independent examination of the evidence and conclusion that the trial court abused its discretion. We have jurisdiction pursuant to article 6, section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24.

## II. DISCUSSION

### A. Standard of Review

¶10 We review a trial court's decision to grant a new trial for an abuse of discretion. *Smith v. Moroney*, 79 Ariz. 35, 38-39, 282 P.2d 470, 472 (1955). We review interpretation and application of court rules de novo. *Allen v. Sanders*, 240 Ariz. 569, 571 ¶ 9, 382 P.3d 784, 786 (2016).

### B. Motion for a New Trial

¶11 A court may grant a new trial if "[t]he verdict is contrary to law or to the weight of the evidence." Ariz. R. Crim. P. 24.1(c)(1). Arizona courts use essentially the same standard in civil and criminal cases, and we therefore consider both civil and criminal case law in our analysis. *Compare* Ariz. R. Civ. P. 59(a)(1)(H) (authorizing the court to grant a new trial when "the verdict . . . is not supported by the evidence or is contrary to law") *with* Ariz. R. Crim. P. 24.1(c)(1).

¶12 The trial court's authority to order a new trial when the jury verdict is contrary to the weight of the evidence is deeply rooted in our law. In 1757, Lord Mansfield wrote that "[t]rials by jury, in civil causes, could not subsist now, without a power, somewhere, to grant new trials." *Reeves v. Markle*, 119 Ariz. 159, 163, 579 P.2d 1382, 1386 (1978) (quoting *Bright v. Eynon*, 1 Burr. 390, 393, 97 Eng. Rep. 365, 366 (1757)). The authority to grant a new trial was included in Arizona's original territorial code. Ariz. Howell Code ch. XI § 409, 115–16 (1865) ("The court in which a trial is had upon the issue of facts, has power to grant a new trial where a verdict has been rendered against the defendant, upon his application in the following cases

only: . . . 6th. When the verdict is contrary to law or evidence."). Over the past century, this Court has consistently recognized that unjust verdicts, while rare, can occur. As we noted in *Reeves*, "Due to his unique position, the trial judge has become the primary buffer against unjust verdicts. He performs an indispensable function without which our system of justice could not hold out the promise of a[] uniform application of the law." 119 Ariz. at 163, 579 P.2d at 1386.

**¶13** In 1926, this Court delineated the trial judge's "duty" to grant a new trial:

> The trial courts may weigh the evidence, and, if they think injustice has been done, should grant a new trial. It is their duty to supervise the verdict of the jury and grant a new trial if the verdict in the opinion of the court is against the weight of the evidence, or if it is arbitrary and manifestly or clearly wrong, or if it appears to be the result of passion, prejudice [or] misconduct of the jury.

*Huntsman v. First Nat'l Bank*, 29 Ariz. 574, 578, 243 P. 598, 600 (1926). The *Huntsman* court held, "If after a full consideration of the case the trial court was satisfied that the verdict was not supported by the evidence, and that substantial justice had not been done between the parties, it was its *duty*, in the exercise of a sound discretion, to set the verdict aside." *Id.* at 579, 243 P. at 600 (emphasis added). Subsequent cases have consistently recognized the trial judge's authority to grant a new trial.[1]

---

[1] *See Dennis v. Stukey*, 37 Ariz. 299, 306–07, 294 P. 276, 279 (1930), *overruled on other grounds by Butane Corp. v. Kirby*, 66 Ariz. 272, 284, 187 P.2d 325, 333 (1947); *Young Mines Co. v. Citizens' St. Bank*, 37 Ariz. 521, 525–26, 296 P. 247, 249 (1931); *Brownell v. Freedman*, 39 Ariz. 385, 389, 6 P.2d 1115, 1116 (1932); *Richfield Oil Co. v. Estes*, 55 Ariz. 81, 84, 98 P.2d 851, 852 (1940); *Sadler v. Ariz. Flour Mills Co.*, 58 Ariz. 486, 490, 121 P.2d 412, 413–14 (1942); *Ruth v. Rhodes*, 66 Ariz. 129, 138–39, 185 P.2d 304, 310 (1947); *Zevon v. Tennebaum*, 73 Ariz. 281, 283, 240 P.2d 548, 549 (1952); *Smith v. Moroney*, 79 Ariz. 35, 38, 282 P.2d 470, 472 (1955); *Caldwell v. Tremper*, 90 Ariz. 241, 246, 367 P.2d 266, 269 (1962); *State v. Ross*, 97 Ariz. 51, 54, 396 P.2d 619, 621 (1964), *overruled in part by Yoo Thun Lim v. Crespin*, 100 Ariz. 80, 83, 411 P.2d 809, 811 (1966); *State v.*

**¶14**      The duty to grant a new trial when the verdict is against the clear weight of the evidence has been labeled the "thirteenth juror rule," or the "ninth juror rule" in a civil case. *See Walsh v. Advanced Cardiac Specialists Chartered*, 229 Ariz. 193, 197–98 ¶¶ 15–16, 273 P.3d 645, 649–50 (2012).  "The trial judge, so far as this duty is concerned, sits as a thirteenth juror, and he, as well as the jury, must be convinced that the weight of the evidence sustains the verdict, or it is his imperative duty to set it aside." *Brownell v. Freedman*, 39 Ariz. 385, 389, 6 P.2d 1115, 1116 (1932).  More recently, this Court has described the judge's role in granting a new trial as an exercise of "broad" or "wide" discretion, rather than in terms of duty.  *See City of Glendale v. Bradshaw*, 114 Ariz. 236, 237–38, 560 P.2d 420, 421–22 (1977).

**¶15**      Trial judges are given such broad discretion because, like the jury, they observed the trial:

> The trial judge has the same opportunity of seeing the witnesses, learning their interest, observing their manner of testifying, and of judging the probability of the truthfulness of their testimony as has the jury, and, by reason of his experience and training, should be better able correctly to evaluate the testimony. . . .  If the evidence accredited by the jury is improbable or palpably untrue, he should not shirk his duty of granting a new trial.  He should exercise his power to prevent injustice as well as to promote justice.

*Dennis v. Stukey*, 37 Ariz. 299, 307, 294 P. 276, 279 (1930), *overruled on other grounds by Butane Corp. v. Kirby*, 66 Ariz. 272, 284, 187 P.2d 325, 333 (1947). Appellate courts, by contrast, defer to the factual findings of the jury and generally will not set aside the verdict unless no evidence supports it, even if the verdict seems unjust or the result of prejudice.  *See Huntsman*, 29 Ariz. at 578–79, 243 P. at 599–600.  Therefore, an unjust verdict that is against the weight of the evidence will stand unless the trial judge exercises the power to set it aside.  *Dennis*, 37 Ariz. at 307, 294 P. at 279.

---

*Thomas*, 104 Ariz. 408, 411–12, 454 P.2d 153, 156–57 (1969); *Cano v. Neill*, 12 Ariz. App. 562, 567–71, 473 P.2d 487, 492–96 (1970); *Lyle v. Boyle*, 16 Ariz. App. 198, 200, 492 P.2d 447, 449 (1972).

¶16        The State urges us to abandon the thirteenth juror rule and prohibit trial courts from independently reweighing the evidence or examining witness credibility.  Rather, the State argues, and the court of appeals ruled, that a trial court should grant a new trial only in the extraordinary case where it is "quite clear that the jury has reached a seriously erroneous result and it is necessary to set aside the verdict to avoid a miscarriage of justice." *Fischer*, 238 Ariz. at 315 ¶ 22, 360 P.3d at 111 (internal quotation marks omitted) (quoting *Cano v. Neill*, 12 Ariz. App. 562, 569, 473 P.2d 487, 494 (1970)).  In the State's view, a new trial is appropriate "only where the verdict is objectively unreasonable, manifestly unfair, or so outrageous as to shock the conscience."  The State finds support for this assertion in *Hutcherson v. City of Phoenix*, 192 Ariz. 51, 55 ¶ 23, 961 P.2d 449, 453 (1998) ("The basic question [the trial judge] must ask is whether the jury verdict is so 'manifestly unfair, unreasonable and outrageous as to shock the conscience.'") (citation omitted).

¶17        As the court of appeals noted, it is "not uncommon" for the standards governing an order for a new trial and a judgment of acquittal to be confused. *Fischer*, 238 Ariz. at 313 ¶ 18 n.3, 360 P.3d at 109. *Compare* Ariz. R. Crim. P. 24.1(c)(1), *with* Ariz. R. Crim. P. 20.  The State proposes to address that confusion by effectively eliminating the difference between the two motions.  Under the existing Rule 20 standard, to decide a motion for acquittal based on insufficiency of the evidence, the trial judge must review the evidence in the "light most favorable to the state, and all reasonable inferences are to be resolved against the defendant" to decide if a reasonable person could fairly conclude the defendant is guilty beyond a reasonable doubt. *State v. Clifton*, 134 Ariz. 345, 348, 656 P.2d 634, 637 (App. 1982); *see also State v. West*, 226 Ariz. 559, 563 ¶ 18, 250 P.3d 1188, 1192 (2011) ("Thus, in ruling on a Rule 20 motion, unlike a motion for a new trial under Arizona Rule of Criminal Procedure 24.1(c)(1), a trial court may not re-weigh the facts or disregard inferences that might reasonably be drawn from the evidence.").  By contrast, in deciding a motion for new trial, a trial court may weigh the evidence and make its own determination of the credibility of the witnesses.  If, after full consideration of the case, the court is satisfied that the verdict was contrary to the weight of the evidence, it may set the verdict aside, even if substantial evidence supports it. *Young Mines Co. v. Citizens' St. Bank*, 37 Ariz. 521, 525, 296 P. 247, 249 (1931); *see Huntsman*, 29 Ariz. at 579, 243 P. at 600.  Under the State's theory, a trial court, unable to weigh evidence or determine credibility, could not set the verdict aside despite its firm conviction that the verdict was unjust.

¶18 We reject the State's argument that we should strictly limit the judge's role because to do so not only undermines Rule 24.1(c)(1) but also conflates the standards for a new trial and a judgment of acquittal. Precluding the trial court from weighing the evidence and assessing the credibility of the witnesses effectively abrogates the authority vested in trial courts under Rule 24.1(c)(1) and overturns more than a century of Arizona law. We decline to impose such a limitation and disavow the language in *Hutcherson* to the contrary.

¶19 While we reject the State's argument, we take this opportunity to clarify the trial judge's role in granting a new trial under Rule 24.1(c)(1). We agree with the court of appeals that a trial court considering a motion for a new trial must respect the role of the jury and the integrity of the jury trial system. *Cal X-Tra v. W.V.S.V. Holdings, L.L.C.*, 229 Ariz. 377, 403 ¶ 88, 276 P.3d 11, 37 (App. 2012). It is primarily the province of the jury to determine the credibility of witnesses and to find the facts. *State v. Boggs*, 218 Ariz. 325, 335 ¶ 39, 185 P.3d 111, 121 (2008) ("Determining veracity and credibility lies within the province of the jury"); *Estate of Reinen v. N. Ariz. Orthopedics, Ltd.*, 198 Ariz. 283, 287 ¶ 12, 9 P.3d 314, 318 (2000) ("The credibility of a witness' testimony and the weight it should be given are issues particularly within the province of the jury.") (internal quotation marks and citation omitted). The judge does not technically sit as a "thirteenth juror" in the sense that the judge has a vote in deciding the case, much less a vote equal to or greater than that of the jurors; but given the judge's training, experience, and unique vantage point, the judge must have substantial latitude in overseeing the jury verdict.

¶20 We are mindful that a judge considering a motion for new trial did not have the benefit of participating in jury deliberations. Thus, the judge may not set aside a jury verdict simply because "if he had acted as trier of the fact, he would have reached a different result." *Cano*, 12 Ariz. App. at 569, 473 P.2d at 494 (citation and internal quotation marks omitted). For this reason, we disavow our contrary characterization of the trial court's discretion made in *Peak v. Acuna*, 203 Ariz. 83, 85 ¶ 9, 50 P.3d 833, 835 (2002) (suggesting that a trial court may order a new trial based on a verdict that is contrary to the weight of the evidence when "the trial judge simply disagrees with the jury's resolution of conflicting facts"). A trial court's discretion under Rule 24.1(c)(1) is not unlimited, nor does the court have unbridled "veto" power over a jury verdict such that the court may act as a

"super juror" and overturn a verdict merely because the court personally disagrees with it.

**¶21** The trial judge has broad discretion, however, to find the verdict inconsistent with the evidence and grant a new trial, so as to guard against arbitrary verdicts. *Walsh*, 229 Ariz. at 197–98 ¶¶ 15–16, 273 P.3d at 649–50. We defer to the discretion of the trial judge who tried the case and who personally observed the proceedings. The judge may weigh the evidence, make credibility determinations, and set aside the verdict and grant a new trial even if there is sufficient evidence in the record to support the verdict. *Clifton*, 134 Ariz. at 348–49, 656 P.2d at 637–38. We emphasize that the court does not usurp the role of the jury in granting a new trial because the court does not substitute its judgment for that of the jury; it only allows the parties a new trial before a different jury. In that regard, the judge's role in granting a motion for new trial differs from the judge's role in granting a motion for acquittal. When the court grants a new trial, the jury retains the ultimate decision-making authority. In directing a verdict of acquittal, the jury's role is supplanted by the court.

**¶22** We recognize the difficult task the trial court faces in striking a balance between honoring the jury's constitutional role and ensuring that a seriously erroneous result does not stand. The purpose of Rule 24.1 is to prevent an arbitrary or unjust verdict from becoming an arbitrary or unjust judgment. Ultimately, the judge must determine if substantial justice has been done between the parties under the standard set forth in Rule 24.1(c)(1) — whether "[t]he verdict is contrary to law or to the weight of the evidence." *See also State v. McIver*, 109 Ariz. 71, 72, 505 P.2d 242, 243 (1973); *Smith*, 79 Ariz. at 38, 282 P.2d at 472.

**¶23** Our case law provides little additional guidance to the trial judge, and commentators have noted the difficulty of formulating a bright-line rule or generic test. "Necessarily all formulations are couched in broad and general terms that furnish no unerring litmus for a particular case." 11 Charles Alan Wright et al., *Federal Practice and Procedure* § 2806, at 90–91 (3d ed. 2012). We are mindful that attempts to refine the standard "may run the significant risk of muddling more than they clarify." *Hunter v. Philip Morris USA Inc.*, 364 P.3d 439, 448 (Alaska 2015). But we note that in assessing whether the verdict was contrary to the weight of the evidence, the trial judge should consider all the evidence presented in the light of the judge's experience and training.

¶24 The judge should assess the strength of the evidence, considering the credibility of the witnesses and conflicting testimony. 12-59 James Wm. Moore et al., *Moore's Federal Practice – Civil* § 59.13 (2016). The court should consider the duration of the trial, the complexity of the issues in the case, and whether the case involves subjects outside the ordinary knowledge of jurors, giving greater scrutiny to more difficult cases. The court should make its assessment with a keen recognition of the importance of the jury's role; that the judge would have reached a different verdict is not enough to grant a new trial. Finally, the court should explain with particularity the reasons why the jury's verdict is against the clear weight of the evidence. *See* Ariz. R. Civ. P. 59(i) (2017) (previously Rule 59(m)).

¶25 As the Alaska Supreme Court aptly said, "We commit this determination to trial courts' sound discretion based on our trust in their position, expertise, and humility. History has indicated that this trust is well deserved." *Hunter*, 364 P.3d at 448. Arizona's trial judges are in the best position to decide motions for new trial and are uniquely well-qualified to do so. Likewise, a review of our case law reflects that there is little cause for concern about trial courts ordering new trials too frequently or without a substantial basis. Such motions are rarely granted, and when granted (or denied), are almost never reversed on appeal.

## C. Appellate Review

¶26 A different standard applies to appellate review. "We have invariably held that this court will not disturb a verdict on the ground that it is contrary to the weight of the evidence." *Brownell*, 39 Ariz. at 389, 6 P.2d at 1116. When an appellate court reviews an order granting a new trial for abuse of discretion, it "look[s] to the broad scope of the trial and do[es] not attempt to reweigh the facts." *Hutcherson*, 192 Ariz. at 56 ¶ 27, 961 P.2d at 454. The appellate court's role is to oversee the granting of new trials and to ensure that the exercise of a trial court's broad discretion has a legal, rather than an arbitrary, basis. *Estabrook v. J. C. Penney Co.*, 105 Ariz. 302, 305, 464 P.2d 325, 328 (1970). The reviewing court must "inquire whether substantial evidence exists to support the trial court's determination." *Reeves*, 119 Ariz. at 164, 579 P.2d at 1387. If such evidence exists, then the order is within the sound discretion of the trial court and should be affirmed. *Id*.

¶27      We have repeatedly held that an appellate court "will not disturb an order granting a new trial unless the probative force of the evidence clearly demonstrates that the trial court's action is wrong and unjust and therefore unreasonable and a manifest abuse of discretion." *Smith*, 79 Ariz. at 39, 282 P.2d at 472; *see also McIver*, 109 Ariz. at 72, 505 P.2d at 243 (quoting with approval *Smith*, 79 Ariz. at 39, 282 P.2d at 472); *State v. Saenz*, 88 Ariz. 154, 155, 353 P.2d 1026, 1027 (1960) (same). The question for the appellate court is whether the probative force of the evidence supports the order granting a new trial, not whether the evidence supports the jury verdict.

¶28      The appellate court does not sit as the "fourteenth" juror. *See Baker-Thomas Lime & Cement Co. v. Ariz. Concrete Pipe Co.*, 1 Ariz. App. 233, 237, 401 P.2d 238, 242 (1965) ("The trial judge is a 13th juror. An Appellate Court is not a 13th juror. We do not substitute our judgment for that of the trial court.") (citation omitted). The appellate court's role is not to weigh the evidence. It is to determine whether, resolving every conflict in the evidence in support of the order, substantial evidence supports the trial judge's order. A trial court ruling granting a new trial "where the evidence is equiponderant or nearly so or where there is substantial evidence to support the verdict is not error." *Smith*, 79 Ariz. at 39, 282 P.2d at 472.

¶29      We see no reason to depart from this rule. We disavow the opinions that conflict with this appellate standard of review, such as *State v. Moya*, 129 Ariz. 64, 66, 628 P.2d 947, 949 (1981) (stating, in review of a trial court's order granting new trial, "It is the duty of this court, under the circumstances, to review all of the evidence and to determine whether the state proved beyond a reasonable doubt that the crime of murder was committed with premeditation."), and *State v. Chase*, 78 Ariz. 240, 242, 278 P.2d 423, 424 (1954) (to same effect).

¶30      The court of appeals in this case exceeded the proper scope of review by independently reweighing the evidence. In her minute entry ordering a new trial, the trial judge exhaustively discussed the evidence presented at trial. Although the court of appeals' independent evaluation of the evidence led it to disagree with the trial court's evaluation of the evidence, we are not persuaded that the trial court disregarded or misstated key evidence in granting Fischer's motion. Rather, the trial court focused on evidence that the court of appeals discounted, evaluated witness

11

credibility differently, and, ultimately, drew different inferences from the evidence than did the court of appeals.

**¶31**        Considering the trial court's broad discretionary authority to weigh the evidence as required under Rule 24.1(c)(1), we conclude that substantial evidence exists to support the trial court's determination. Thus, unlike the court of appeals, we hold that the trial court did not abuse its discretion or clearly exceed its authority in granting a new trial.

## III.    CONCLUSION

**¶32**        We vacate paragraphs sixteen through eighty-two of the court of appeals' opinion and affirm the trial court's order granting a new trial. This case is remanded to the trial court for further proceedings consistent with this opinion.