NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ADDISON JOHN REYNA, *Appellant.*

No. 1 CA-CR 18-0861
FILED 2-20-2020

Appeal from the Superior Court in Maricopa County
No. CR2014-153260-001
The Honorable Gregory S. Como, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michelle L. Hogan
*Counsel for Appellee*

Wilenchik & Bartness PC, Phoenix
By Dennis I. Wilenchik, Christian M. Lueders
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Randall M. Howe and Judge Diane M. Johnsen joined.

**T H U M M A,** Judge:

¶1          Defendant Addison John Reyna appeals his convictions and sentences for aggravated assault and kidnapping, challenging the superior court's denial of his motion for new trial. Because Reyna has shown no error, his convictions and sentences are affirmed.

### FACTS[1] AND PROCEDURAL HISTORY

¶2          One afternoon in November 2014, A.F.[2] was alone in the living room of her Scottsdale home when she saw a man in her home approaching her. The man "popped out [a] knife" and A.F. tried to flee. The intruder, however, "cut [her] off" twice before she escaped through the front door. As A.F. tried to close the door behind her, the intruder's arm "g[o]t jammed in the door frame[.]" A.F. ran down the street and called 9-1-1 on her cell phone.

¶3          Police officers responded, and A.F. described the suspect as a white male with a "hunched-over gait," wearing a white T-shirt, tan cargo shorts and red suspenders. A.F. also said the intruder had facial piercings, a beard, and half-inch "gauges" stretching his earlobes. She recognized him as someone she and her boyfriend had seen before walking in the neighborhood. A.F. later identified Reyna in a photographic lineup as the intruder. Reyna lived near A.F., and a police search of his home revealed a knife and clothing that matched the description A.F. provided.

¶4          A jury found Reyna guilty of aggravated assault and kidnapping. In a motion for new trial, Reyna challenged the sufficiency of the evidence establishing his identity as the perpetrator. The superior court

---

[1] This court views the facts in a light most favorable to sustaining the verdicts. *State v. Payne*, 233 Ariz. 484, 509 ¶ 93 (2013).

[2] Initials are used to protect the victim's privacy. *State v. Maldonado*, 206 Ariz. 339, 341 ¶ 1 n.1 (App. 2003).

denied the motion and sentenced Reyna to concurrent prison terms, the longest of which was for eight-and-a-half years. This court has jurisdiction over Reyna's timely appeal under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) § 12-120.21(A)(1), §§ 13-4031 and -4033(A)(2020).[3]

## DISCUSSION

¶5        Reyna's motion for new trial argued "the verdict is contrary to . . . the weight of the evidence." Ariz. R. Crim. P. 24.1(c)(1). A superior court has broad discretion in addressing such a motion, and this court reviews the resulting ruling for an abuse of that discretion. *State v. Fischer*, 242 Ariz. 44, 48 ¶¶ 10, 15 (2017). "Trial judges are given such broad discretion because, like the jury, they observed the trial . . . ." *Id.* at 49 ¶ 15. As a result, this court is to

> defer to the factual findings of the jury and generally will not set aside the verdict unless no evidence supports it, even if the verdict seems unjust or the result of prejudice. Therefore, an unjust verdict that is against the weight of the evidence will stand unless the trial judge exercises the power to set it aside.

*Id.* (citations omitted). Unlike when deciding a motion for judgment of acquittal,

> in deciding a motion for new trial, a trial court may weigh the evidence and make its own determination of the credibility of the witnesses. If, after full consideration of the case, the court is satisfied that the verdict was contrary to the weight of the evidence, it may set the verdict aside, even if substantial evidence supports it.

*Id.* at 49 ¶ 17 (citations omitted).

¶6        A "different standard applies to appellate review" of a superior court's order resolving a motion for new trial:

---

[3] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

"We have invariably held that this court will not disturb a verdict on the ground that it is contrary to the weight of the evidence." When an appellate court reviews an order granting a new trial for abuse of discretion, it "look[s] to the broad scope of the trial and do[es] not attempt to reweigh the facts." The appellate court's role is to oversee the granting of new trials and to ensure that the exercise of a trial court's broad discretion has a legal, rather than an arbitrary, basis. The reviewing court must "inquire whether substantial evidence exists to support the trial court's determination." If such evidence exists, then the order is within the sound discretion of the trial court and should be affirmed.

*Id.* at 51 ¶ 26 (citations omitted).

**¶7**  Applying this deferential standard, Reyna has not shown that the superior court abused its discretion in denying his motion for new trial. Soon after the incident, A.F. described the intruder's unique physical characteristics and walking gait in detail and later identified Reyna in a photographic lineup and again at trial. A.F. testified she recognized the intruder as someone she had seen before in her neighborhood. Police also found red suspenders — which Reyna admitted to owning — in his home.

**¶8**  As Reyna asserts on appeal, there was conflicting evidence at trial. In addressing the new trial motion, the superior court acknowledged that evidentiary conflict, finding

this was, essentially, a he said, she said type of case, and the jury clearly believed [A.F.] . . . Her testimony was credible. She provided a very clear description of the defendant. And cases are won and lost every day in court based on eyewitness testimony. . . . There was nothing about her testimony that struck me as being unreliable or in any way incredible.

**¶9**  As he did at trial, Reyna heavily relies on the lack of physical evidence — such as DNA and fingerprints — tying him to the crime scene. But "[p]hysical evidence is not required to sustain a conviction where the

totality of the circumstances demonstrates guilt beyond a reasonable doubt." *State v. Canez*, 202 Ariz. 133, 149 ¶ 42 (2002) (citation omitted). Moreover, as the superior court noted, the lack of Reyna's DNA and the presence of an unknown third-party's DNA on the front door did not exonerate Reyna as the intruder.

¶10        Reyna argues that the conflicting evidence could (and in his view should) have been construed in his favor by the jury at trial, and by the superior court in considering his motion for new trial. The jury presumably considered and weighed conflicting evidence yet still found him guilty. The superior court certainly did so yet denied his motion for new trial. Although it was proper for the jury and the superior court to weigh the evidence, it is not proper for this court to do so. *See Fischer*, 242 Ariz. at 51 ¶ 26 (noting appellate court "do[es] not attempt to reweigh the facts" in addressing a superior court's ruling on a motion for new trial) (quoting *Hutcherson v. City of Phoenix*, 192 Ariz. 51, 55 ¶ 23 (1998)).

¶11        Reyna does not challenge on appeal the evidentiary rulings at trial. The evidence received at trial included the conflicting evidence that Reyna touts on appeal. The trial evidence included that the DNA located on the door was not his; that his DNA and fingerprints were not found in the victim's home; that computer and cell phone analysis did not place him in the victim's home and that a neighbor could not identify Reyna from a photo lineup. Trial witnesses testified on direct and cross-examination about inconsistencies. Yet after considering all of the evidence (including the victim's identifications), the jury found Reyna guilty and the superior court that presided over the trial denied his motion for new trial. This court defers "to the discretion of the trial judge who tried the case and who personally observed the proceedings." *Fischer*, 242 Ariz. at 50 ¶ 21. On this record, Reyna has not shown that the superior court abused its discretion by denying his motion for new trial.

## CONCLUSION

¶12        Reyna's convictions and resulting sentences are affirmed.



AMY M. WOOD • Clerk of the Court
FILED:  AA