NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellant*,

*v.*

ETHAN FOGG OSGOOD, *Appellee*

No. 1 CA-CR 20-0148

FILED 05-13-2021

Appeal from the Superior Court in Yavapai County
No. P1300CR201700035
The Honorable John David Napper, Judge

**VACATED AND REMANDED**

COUNSEL

Yavapai County Attorney's Office, Prescott
By Michael P. McGill
*Counsel for Appellant*

Kimerer Law Group, P.C., Phoenix
By Rhona Elaine Neff & Michael D. Kimerer
*Counsel for Appellee*

C. Kenneth Ray II, P.L.L.C., Prescott
By C. Kenneth Ray
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Paul J. McMurdie delivered the Court's decision, in which Vice Chief Judge Kent E. Cattani and Judge Lawrence F. Winthrop joined.

---

**M c M U R D I E**, Judge:

¶1         The State appeals from a superior court order granting Ethan Fogg Osgood a new trial. For the following reasons, we vacate the order granting a new trial and remand for further proceedings.

## FACTS AND PROCEDURAL BACKGROUND

¶2         Over the summer and fall of 2016, the Prescott Police Department received several reports from the National Center for Missing and Exploited Children ("NCMEC") of possible child pornography related to a specific IP address serviced by Cable One, an internet service provider. Police Detective Jeremy Brazell obtained two grand jury subpoenas for subscriber information related to the IP address from Cable One. Cable One complied with the subpoenas and provided records revealing the home address associated with the IP address and the account holder's name. The documents also revealed that Osgood was an authorized user on the account. During the same period, Brazell also took the images within the NCMEC reports to an expert, who opined that at least two of the pictures were of children under 15. Based on this information and other investigative efforts, Brazell obtained a search warrant for the home, Osgood's vehicle, and several electronic devices and their contents. However, Brazell did not get a warrant for Osgood's arrest.

¶3         On January 4, 2017, Detective Brazell executed the search warrant. Despite lacking an arrest warrant, Brazell arrested Osgood, had him transported to the police station, and placed him in a locked interview room. During a subsequent interview, Osgood made incriminating statements. A grand jury indicted Osgood for 18 charges, including: (1) 12 counts of sexual exploitation of a minor, a class 2 felony, based on the two images contained in the NCMEC reports (Counts 1 and 2) and other images recovered from Osgood's electronic devices (Counts 3 through 12); (2) one count of production of marijuana, a class 5 felony (Count 13); (3) one count of possession of marijuana, a class 6 felony (Count 14); (4) three counts of possession of drug paraphernalia, a class 6 felony (Counts 15 through 17);

and (5) one count of misconduct involving weapons, a class 4 felony (Count 18). The State alleged each count of sexual exploitation was a dangerous offense under A.R.S. § 13-705. Upon the State's request, the court later dismissed Counts 1, 2, and 13 through 18.

**¶4**        Before the trial, Osgood moved to suppress the evidence gathered under the search warrant and the interview following his arrest under the Fourth Amendment of the United States Constitution and Article 2, Section 8 of the Arizona Constitution. Osgood also argued the court should suppress the evidence because the State failed to comply with the statutory requirements governing the grand jury subpoenas used to acquire information from Cable One. *See* A.R.S. § 13-4071(C). In July 2018, the court held an evidentiary hearing on the motions. During the hearing, Detective Brazell testified concerning the subpoenas and his investigation of Osgood. Regarding Osgood's arrest, Brazell testified he did not believe probable cause existed to arrest Osgood when he detained and transported him to the police department.

**¶5**        At the end of the hearing, the superior court denied the motions. Concerning the motion to suppress Osgood's statements, the court found the evidence gathered under the subpoenas, which linked Osgood to the IP address associated with the child pornography, established probable cause to arrest Osgood despite Brazell's subjective belief.

**¶6**        In May 2019, Osgood waived his right to a jury trial, and the parties presented evidence and argument to the court. While the court was deliberating, this court published its opinion in *State v. Mixton* ("*Mixton I*"), 247 Ariz. 212, 220–27, ¶¶ 14–33 (App. 2019), *vacated*, 250 Ariz. 282 (2021), holding that the IP address and subscriber information obtained by the State without a search warrant violated Article 2, Section 8 of the Arizona Constitution—also known as the "private affairs" clause.

**¶7**        Six days after *Mixton I* was published, the superior court announced its verdicts in Osgood's case. The court acquitted Osgood for Counts 3 through 6 but found Osgood guilty of the six remaining charges and found they were dangerous crimes against children. Osgood filed a timely motion for a new trial before sentencing, arguing, *inter alia*, that the change of law caused by *Mixton I* required the court to reconsider its earlier rulings on the motions to suppress. In response, the court requested supplemental briefing to address *Mixton I's* impact on its rulings on the State's compliance with the grand-jury-subpoena statute and the motions to suppress.

**¶8** After the briefing, the court issued its ruling in February 2020. Applying *Mixton I*, the court found the subscriber information obtained by the State under the subpoenas violated Article 2, Section 8 of the Arizona Constitution. Following the procedure outlined in *State v. Gulbrandson*, 184 Ariz. 46, 58 (1995), the court excised the subpoenaed information and found that no probable cause remained to support Osgood's warrantless arrest. The court also found that the good-faith exception to the exclusionary rule did not apply to excuse the arrest. As a result, the court concluded Osgood's statements were acquired due to an illegal arrest and suppressed them. Finally, the court found the introduction of Osgood's statements at the trial was not harmless error because it had given them substantial weight in reaching its verdicts. Based on these findings and conclusions, the court granted the motion for a new trial.

**¶9** The State appealed the order, and we have jurisdiction under A.R.S. §§ 13-4031 and -4032(2). After briefing was completed in this appeal, our supreme court issued an opinion vacating *Mixton I* and holding that neither the Fourth Amendment nor Article 2, Section 8 of the Arizona Constitution protected an IP address or subscriber information voluntarily provided to internet service providers and lawfully obtained by the State. *State v. Mixton* ("*Mixton II*"), 250 Ariz. 282, 286–300, ¶¶ 12–77 (2021).

## DISCUSSION

**¶10** We review the superior court's decision to grant a new trial for an abuse of discretion, *State v. Fischer*, 242 Ariz. 44, 48, ¶ 10 (2017), but review constitutional questions *de novo*, *State v. Huerta*, 223 Ariz. 424, 426, ¶ 4 (App. 2010). An abuse of discretion occurs when the court errs in applying the law. *State v. Bernstein*, 237 Ariz. 226, 228, ¶ 9 (2015). A court may grant a new trial if it "erred in deciding a matter of law." Ariz. R. Crim. P. 24.1(c)(4).

**¶11** As stated above, the sole basis for the superior court's decision to grant Osgood a new trial was *Mixton I's* holding that the warrantless acquisition of an IP address and subscriber information violated Article 2, Section 8 of the Arizona Constitution. Without that holding, the court had no reason to revisit its prior ruling that Osgood's statements were obtained after a lawful arrest supported by probable cause. In *Mixton II*, our supreme court specifically rejected *Mixton I* on this point, concluding instead that:

> [N]either the Fourth Amendment to the United States Constitution nor article 2, section 8 of the Arizona

4

> Constitution requires law enforcement officials to secure a search warrant or court order to obtain IP addresses or subscriber information voluntarily provided to [internet-service providers] as a condition or attribute of service.

250 Ariz. at 299, ¶ 75. Therefore, although correct at the time the superior court issued its order, *Mixton II* has undermined the court's rationale for granting a new trial, and the order no longer aligns with Arizona law.

**¶12** In a supplemental filing addressing *Mixton II*, Osgood asserts the State waived any argument that the superior court erred by finding that the statements should have been suppressed by not challenging those findings on appeal. We reject this argument for two reasons. First, because we apply the law prevailing at the time of our decision, Osgood cannot continue to claim the benefit of *Mixton I. See State v. LeMaster*, 137 Ariz. 159, 168 (App. 1983) (articulating general rule that "when there is a change of law by judicial decision between the time of trial and the time of appeal the appellate court will apply the law prevailing at the time of the appellate disposition"). Second, even if we were to find that issues related to the court's suppression findings were waived, "[w]e have discretion to address a significant, albeit waived, issue." *State v. Kinney*, 225 Ariz. 550, 554, ¶ 7, n.2 (App. 2010); *see also State v. Payne*, 223 Ariz. 555, 569, ¶ 47, n.8 (App. 2009) ("If application of a legal principle, even if not raised below, would dispose of an action on appeal and correctly explain the law, it is appropriate for us to consider the issue.") (quoting *Evenstad v. State*, 178 Ariz. 578, 582 (App. 1993)).

**¶13** Accordingly, we vacate the superior court's order granting the motion for a new trial, reinstate Osgood's convictions, and remand for the court to conduct any further proceedings required by law or that it deems necessary in the exercise of its discretion.[1]

---

[1] We offer no opinion on the merits of any arguments addressing matters beyond the narrow ground upon which we vacate the order for a new trial. Such issues may be raised with the superior court on remand in accordance with the Arizona Rules of Criminal Procedure or on direct appeal following sentencing.

## CONCLUSION

**¶14**     We vacate the superior court's order granting a new trial and remand for further proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED:        HB