NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

BAYRON PEREZ AGUEDA, *Appellant.*

No. 1 CA-CR 20-0020
FILED 12-8-2022

Appeal from the Superior Court in Maricopa County
No. CR2018-112053-001
The Honorable George H. Foster, Judge (retired)

**REVERSED AND REMANDED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joshua C. Smith
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Mikel Steinfeld
*Counsel for Appellant*

---

## MEMORANDUM DECISION

---

Presiding Judge Paul J. McMurdie delivered the Court's decision, in which Judge Cynthia J. Bailey and Judge Lawrence F. Winthrop[1] joined.

---

**M c M U R D I E**, Judge:

**¶1**        This appeal is on remand from the Arizona Supreme Court with instructions to determine whether the superior court committed fundamental error by failing to answer a juror question correctly. *State v. Agueda*, 253 Ariz. 388, 392, ¶ 25 (2022). Because a separate-counts instruction does not instruct a jury whether separate acts are required for different counts, we hold that the superior court's failure to instruct the jury correctly constitutes fundamental error that prejudiced the defendant. Thus, we reverse Perez Agueda's conviction on Count 5 and remand the charge to the superior court for further proceedings consistent with this decision.

### FACTS[2] AND PROCEDURAL BACKGROUND

**¶2**        In 2018, the State charged Bayron Perez Agueda with eight counts of sexual abuse, molestation, and sexual conduct with a minor. Count 5 charged him with committing sexual conduct between January 30, 2014, and January 29, 2015, while the victim was under 15 and specified "(TO WIT: first time when victim was fourteen)." Count 6 referenced the same date range as Count 5 but specified "(TO WIT: time which resulted in victim getting pregnant)."

**¶3**        During deliberation, the jury submitted the question, "Did Counts 5 and 6 happen at the same time or are they considered separate events[?]" The court discussed the question with counsel, and the prosecutor stated that it would be "appropriate . . . to tell them [the two

---

[1]        The Honorable Lawrence F. Winthrop, retired judge of the Court of Appeals, Division One, has been authorized to sit under Article VI, Section 3, of the Arizona Constitution.

[2]        We view the facts in the light most favorable to sustaining the judgment. *State v. Mendoza*, 248 Ariz. 6, 11, ¶ 1, n.1 (App. 2019).

counts] are distinguished as separate events." Instead, the court proposed referring the jury to the separate-counts instruction. The State asked defense counsel whether he had a different proposal, to which he replied, "No." The court suggested that the jury was "going to have to figure out" whether there were multiple instances of sexual misconduct "based on the record" but did not instruct the jury to that end. The court asked defense counsel whether he had "any comment," and he replied, "I'm fine at this point just pointing them towards separate counts." The court noted that it would "tell [the jurors] they'll have to determine what the facts are from the evidence presented in court, and also refer them back to the separate counts instruction."

¶4         The separate-counts instruction provided by the court read:

> Each count charges a separate and distinct offense. You must decide each count separately on the evidence with the law applicable to it, uninfluenced by your decision on any other count. You may find that the State has proved beyond a reasonable doubt, all, some, or none of the charged offenses. Your finding for each count must be stated in a separate verdict.

Rev. Ariz. Jury Instr. ("RAJI") Stand. Crim. 30 (5th ed. 2019). Shortly after receiving the court's response, the jury asked what steps should be taken if not all jurors agreed on a count.

¶5         The court responded that if the jurors could not decide on a count, they should advise the bailiff, and the court would give them further instructions. The jury informed the court that it could not agree on one count, and the court provided an impasse instruction. *See* Ariz. R. Crim. P. 22.4. After continuing to deliberate, the jury acquitted Perez Agueda on four counts but convicted him on the other counts, including Counts 5 and 6. The court sentenced Perez Agueda to mitigated 15 years' imprisonment terms on Counts 5 and 6 to be served consecutively.

¶6         Perez Agueda argues that the court's failure to answer the jury's question specifically amounted to a reversible error on Count 5. In a previous decision, we held that the failure to answer the jury's question correctly was error because the principle underlying the separate-counts instruction "is unrelated to whether counts relate to or require separate acts and does not address the issue of double jeopardy." *State v. Perez Agueda*, 250 Ariz. 504, 507, ¶ 11, n.3 (App. 2021), *vacated on other grounds*, 253 Ariz.

388 (2022). But because we reversed on other grounds, we did not address whether the error was prejudicial. *Id.* We now consider the issue.

**DISCUSSION**

**A.     We Review for Fundamental Error.**

**¶7**          "Reviewing courts consider alleged trial error under the harmless error standard when a defendant objects at trial and thereby preserves an issue for appeal." *State v. Henderson*, 210 Ariz. 561, 567, ¶ 18 (2005). But "[e]rrors not objected to will be reviewed only for fundamental error." *State v. Fulminante*, 193 Ariz. 485, 503, ¶ 64 (1999). "An objection is sufficiently made if it provides the judge with an opportunity to provide a remedy." *Id.*

**¶8**          Perez Agueda did not object when the court addressed the jury's question at trial. But he argues that an objection was unnecessary to preserve the instruction issue because the discussion between the court, State, and defense minimally raised it. *See Town of Marana v. Pima County*, 230 Ariz. 142, 149, ¶ 30 (App. 2012) (A minimally raised argument in a footnote of a supplemental memorandum preserved an issue for appeal.).

**¶9**          Identifying that "[t]he purpose of making a record is to give the trial court an opportunity to consider and rule upon the position advanced by the party," Perez Agueda argues that the issue was preserved because the superior court had ample "opportunity to consider and rule upon" whether the jury's question warranted a clarifying instruction. *State v. Detrich*, 178 Ariz. 380, 383 (1994). Further, Perez Agueda contends that he did not have to object because the court had rejected his position enunciated by the State. He argues that the court's decision "communicated that it would have been futile to make the same objection that had just been rejected."

**¶10**          As noted above, the State explained that the counts should be "distinguished as separate events." And the court had an "opportunity to consider and rule upon" this position. *See Detrich*, 178 Ariz. at 383. But this "opportunity" is not equivalent to an objection by Perez Agueda. An objection would have provided an "opportunity to consider and rule upon" the issue *along with* declaring the defense's position. Indeed, Perez Agueda relies on *Detrich* for the proposition that he did not need to object. But while the defendant did not object in *Detrich*, he did request the instruction, thereby preserving the failure to give it for appeal. *Detrich*, 178 Ariz. at 383. Perez Agueda made no such request here.

4

**¶11**        Perez Agueda never conveyed that he disagreed with the court's decision. On the contrary, his counsel stated, "I'm fine at this point just pointing them towards separate counts." But the "[d]efendant cannot take his chances on a favorable verdict, reserving the 'hole card' of a later appeal on an evidentiary matter that was curable at trial, and then seek appellate reversal from an unfavorable verdict." *State v. Valdez*, 160 Ariz. 9, 13–14 (1989). Instead, to preserve the issue for appeal, Perez Agueda needed to object even if he believed his objection would be overruled.

**¶12**        We conclude Perez Agueda waived the issue for appeal, and thus we review for fundamental error. *Henderson*, 210 Ariz. at 567, ¶ 19. Under fundamental error review, Perez Agueda has the burden of proving that a fundamental error occurred and that it prejudiced him. *Id*. at 568, ¶ 22.

**B.        The Failure to Correctly Answer the Jury's Question Goes to the Case's Foundation.**

**¶13**        An error is fundamental if it "goes to the foundation of [the defendant's] case, takes away a right that is essential to [the defendant's] defense, [or] is of such magnitude that [the defendant] could not have received a fair trial." *Henderson*, 210 Ariz. at 567, ¶ 24, *modified by State v. Escalante*, 245 Ariz. 135, 140–41, ¶ 16 (2018). "An error generally goes to the 'foundation of a case' if it relieves the prosecution of its burden to prove a crime's elements, directly impacts a key factual dispute, or deprives the defendant of constitutionally guaranteed procedures." *Escalante*, 245 Ariz. at 141, ¶ 18.

**¶14**        Here, by charging Perez Agueda with multiple counts, the prosecutor assumed the burden of proving beyond a reasonable doubt that more than one criminal event occurred. And, indeed, whether the counts were "separate events" was the question asked by the jury. As discussed below, the superior court's failure to answer the question accurately had an immediate bearing on a "key factual dispute," potentially "reliev[ing] the prosecution of its burden to prove a crime's elements." *Escalante*, 245 Ariz. at 141, ¶ 18. This error was fundamental as it goes to the foundation of the case.

**C.        The Failure to Correctly Answer the Jurors' Question Was Prejudicial Because a Reasonable Jury Could Have Reached a Different Verdict with the Correct Instruction.**

**¶15**        We do not weigh the evidence on appeal. *State v. Fischer*, 242 Ariz. 44, 52, ¶ 28 (2017). When assessing whether an error goes to the

foundation of the defendant's case and prejudice, the "inquiry is whether, without the error, a reasonable jury could have reached a different result, even if substantial evidence of guilt exists." *Escalante*, 245 Ariz. at 144, ¶ 34. "The 'could have' standard requires a showing far greater than a metaphysical possibility and necessarily excludes imaginative guesswork." *State v. Fierro*, 254 Ariz. 35, 41, ¶ 21 (2022).

**¶16** At trial, Perez Agueda testified that he had sex with the victim when she was 14 years old on just one occasion, causing her pregnancy. The State presented contrary evidence that Perez Agueda had sex with the victim more than once that year. As Perez Agueda now identifies on appeal, "[t]his was a conflict in the evidence that the jury needed to resolve." Perez Agueda argues that because "[his] defense was that the two counts were just a single act," the instructional error necessarily "relate[d] to [his] defense against the charges." *See Fierro*, 254 Ariz. at 42, ¶ 25. He concludes that the superior court's error shook the foundation of his case and prejudiced him because it undermined his defense and permitted the jury to reach a guilty verdict on both counts without finding proof of two separate criminal acts. He argues the constitution prohibits such a result. *See* Ariz. Const. art. 2, § 10; *see also* U.S. Const. amend. V.

**¶17** The State counters that any error did not prejudice Perez Agueda. The State labels Perez Agueda's argument that the jury could have reached a different verdict as "mere speculation" and asserts that he "essentially challenges the sufficiency of the evidence." Because courts do not weigh the evidence on appeal, the State argues that Perez Agueda's convictions should be affirmed.

**¶18** The State misses the point. Perez Agueda's argument is not that his evidence was more credible than the State's but that because a reasonable jury *could* have believed his testimony, the superior court's defective answer permitted the jury to convict him twice based on just one criminal act. Such a result constitutes an error of law and requires no weighing of evidence.

**¶19** The possibility that the jury could have reached a different verdict is not "mere speculation" and requires no "imaginative guesswork." *See Fierro*, 254 Ariz. at 41, ¶ 21. On the contrary, the jury's question demonstrated confusion about what the State had to prove. And when weighing the conflicting evidence, the jury could have believed Perez Agueda's testimony. For example, the jury could have reviewed the charges and concluded that the "first time when victim was fourteen" was the same as the "time which resulted in victim getting pregnant." Had the court

clarified that proof of separate acts was required, the jury "could have" convicted Perez Agueda on one count instead of both. The resulting convictions cannot be affirmed because the superior court failed to respond to the jury's question that the evidence had to support two separate events. *See* Ariz. Const. art. 2, § 10; *see also* U.S. Const. amend. V.

**¶20** Still, the State argues that because of the separate-counts instruction Perez Agueda was not prejudiced by the lack of a clarifying instruction informing the jury that Counts 5 and 6 required separate acts. The separate-counts instruction did not cure the error. A separate-counts instruction tells the jury to consider and apply the evidence to each count "uninfluenced by [its] decision on any other count" and that the jury "may find that the State has proved beyond a reasonable doubt, all, some, or none of the charged offenses." This instruction informs the jury that if a fact supports different charges, the jury need not reach the same verdict for each charge.

**¶21** But here, one instance of sex cannot support multiple counts. And the charges did not differentiate between the "first time" and the "time resulting in pregnancy," nor did the instructions make clear that a conviction for both counts would require at least two separate sexual acts. When the jury sought guidance on whether the charges needed multiple acts, it was directed back to the same instruction that allowed it to convict on both counts "uninfluenced by [its] decision on any other count" if the jury believed that the first time Perez Agueda and the victim had sex led to pregnancy. The superior court's failure to answer the jury question correctly constitutes fundamental error that prejudiced Perez Agueda.

## CONCLUSION

**¶22** We reverse Perez Agueda's Count 5 conviction and remand to the superior court for further proceedings consistent with this decision.



7