488 P.2d 501

**Hulda R. HANCOCK, formerly Hulda R. Struges, Appellant,**

**v.**

**Otto LINSENMEYER, individually and as Alter Ego of Hulda Original Sales, Inc., and Hulda Original Sales Corporation, Arizona corporations, Appellees.**

**No. 1 CA–CIV 1465.**

Court of Appeals of Arizona,
Division 1,
Department A.

Sept. 9, 1971.

Rehearing Denied Oct. 4, 1971.

Review Denied Nov. 16, 1971.

Miller & Haggerty, by Philip M. Haggerty, Phoenix, for appellant.

Otto H. Linsenmeyer, and Gerald G. Eastman, Phoenix, for appellees.

STEVANS, Presiding Judge.

The appellant was the plaintiff in the Superior Court and the appellee was the defendant. The plaintiff secured a jury verdict and a judgment thereon in her favor in the sum of $225,000. The defendant's motion for new trial raised several issues including the assertion that the damage award was excessive. The trial court entered its minute entry order:

"* * * granting a Remittur [sic] in the sum of $175,000.00 in favor of the Defendant on the verdict, or in the alternative, a new trial on the issue of damages only without any claim for transfer of land or the motor vehicle.

"Counsel are directed that Remittur [sic] be accepted within 30 days from date hereof."

The plaintiff declined to accept the remittitur. A formal written order, incorporating the language of the above minute entry order, was entered granting a new trial. The plaintiff appealed and her appeal is limited to the question of the propriety of the exercise of the trial judge's judicial discretion, there being no reasons given in the order granting a remittitur. There was no cross-appeal.

The single issue before this Court is a very limited one. There is no necessity of an extensive recital of the facts. The trial of this cause consumed eight trial days which are reflected in the 1,358 pages of the reporter's transcript.

The plaintiff owned a patent for a brassiere. After some earlier attempts in financing the manufacture and sale of the brassiere, a business arrangement was entered into by the plaintiff with the defendant and with Mr. Denzil G. Penick. According to the plaintiff, part of the arrangement was in writing and part of it was verbal. The verbal portion thereof related to an automobile, to land near Prescott, Arizona, and to the use of an apartment.

After the plaintiff's participation in the business was terminated, she sued the defendant for damages stating various claims for relief including the right to the land and the right to the automobile. During the trial the defendant urged that there was a defect in parties-defendant in that Penick was not a party to the action. The trial court ruled against the defendant and he did not appeal. In the Superior Court action the defendant counterclaimed

on a promissory note, for rent for the apartment, and for damages.

The trial court ruled that the plaintiff had not established her claim to the automobile and that her claim to the land was barred by the statute of frauds. There was no appeal from these trial court determinations. The issues raised by the counterclaim were presented to the jury and verdicts were rendered in favor of the plaintiff on each of the counts of the counterclaim. These determinations were included in the judgment and are not subject to a cross-appeal.

Unfortunately, the trial judge overlooked instructing the jury that all of the plaintiff's contentions as to the car and as to the land had been withdrawn from their consideration. The monetary value of the car, although not established by the evidence, probably was of little significance in relation to the overall picture but the defendant testified that there were 105 acres of land owned by him near Prescott, improved as a recreational area, valued at $100,000 and subject to a $25,000 mortgage to the same Mr. Penick. The plaintiff desired the land for a charity hospital to be financed out of the proceeds of the sales of the brassiere.

The pleadings were not read to the jury, but the issues as to the car and the land were the subject of testimony. These items were not extensively argued to the jury but they were mentioned in the jury arguments. Counsel did not advise the jury that the issues as to these items had been withdrawn from its consideration.

At the close of the instructions, and before the jury retired, counsel made two separate requests that the instructions as given be modified. These requests did not relate to the land or to the automobile. The formal exceptions to the instructions were dictated after the jury retired and again the record is silent as to the failure to withdraw these issues from the jury. The defendant raised the failure to withdraw in his motion for new trial.

We are not faced with the necessity of ruling whether the failure to instruct on these issues was reversible error on the one hand or whether on the other hand the silence of the defendant constituted a waiver. Our review is limited solely to the propriety of the order for the new trial. The trial court did not specify any reasons for its ruling on the motion for new trial and we have no way of knowing of whether in the opinion of the trial court the land value or the automobile influenced the jury in its verdict or whether the absence of instructions as to the land and as to the automobile influenced the trial court in its appraisal as to the reasonable value of the plaintiff's right of recovery.

The plaintiff strenuously urges that the trial court, in ordering a remittitur, must specify its reasons and absent such specification of reasons the Court of Appeals should reverse the cause and reinstate the original judgment. We do not agree.

Rule 59 of the Rules of Civil Procedure, 16 A.R.S., is the rule governing motions for new trial and the orders entered granting those motions. One of the grounds for a new trial is "[e]xcessive or insufficient damages." See Rule 59(a)(5). Rule 59(b) states in part:

"Scope. A new trial may be granted to all or any of the parties and on all or part of the issues in an action in which there has been a trial by jury, for any of the reasons for which new trials are authorized by law or rule of court. * * *."

Rule 59(i) is entitled "Motion on ground of excessive or inadequate damages.", and paragraph (1) thereof concludes as follows:

"* * * If the conditional order of the court requires a reduction of or increase in damages, then the new trial will be granted in respect of the damages only and the verdict shall stand in all other respects."

Rule 59(m) is as follows:

"Specification of grounds of new trial in order. No order granting a new trial

shall be made and entered unless the order specifies with particularity the ground or grounds on which the new trial is granted."

In our opinion Rule 59(m) does not apply to Rule 59(i) in that Rule 59(i) is express as to the grounds. Rule 59(i) does not require the trial court to specify the particulars in relation to which the verdict was excessive. In our opinion the decisions of our Supreme Court and of the Court of Appeals do not make such a requirement.

In the case of Alires v. Southern Pacific Company, 100 Ariz. 6, 409 P.2d 714 (1966), a remittitur was ordered by the trial court or in the alternative a new trial as to damages was granted. The plaintiffs declined to accept the remittitur and the trial as to damages was granted. Thereupon the plaintiffs appealed. Our Supreme Court stated:

"The trial judge by his order of remittiturs approved the verdict as to liability. Boies v. Cole, 99 Ariz. 198, 407 P.2d 917 (1965). With this approval of the jury's verdict as to liability by the trial court we concur. By ordering a reduction in damages instead of setting aside the verdicts, the trial judge determined that the verdict was not the result of passion or prejudice. See Young Candy & Tobacco Co. v. Montoya, 91 Ariz. 363, 372 P.2d 703 (1962) and the cases cited therein.

"We have examined the record in this case and find that the trial court did not exceed its judicial discretion in finding that the damages ordered by the jury were excessive. After properly exercising this discretion the trial court had the power, where the motion for a new trial was based upon this ground, to order a remittitur or in the alternative a new trial on the question of damages awarded * * *." 100 Ariz. at 14, 409 P.2d at 719–720.

In the case at bar we concur that there was evidence in support of the verdicts and judgment in favor of the plaintiff.

The plaintiff accepted the remittitur in Howard P. Foley Company v. Harris, 10 Ariz.App. 78, 456 P.2d 398 (1969), and the defendant appealed. Therein the Court stated:

"Appellants contend that the verdict is not justified by the evidence and is contrary to law as a result of passion or prejudice. The initial responsibility for reducing excessive verdicts is with the trial court. Newman v. Piazza, 6 Ariz. App. 396, 433 P.2d 47 (1967). By ordering a reduction of damages instead of setting aside the verdict the trial judge determined that the verdict was not the result of passion or prejudice. Young Candy & Tobacco Co. v. Montoya, 91 Ariz. 363, 372 P.2d 703 (1962); Alires v. Southern Pacific Co., 100 Ariz. 6, 409 P. 2d 714 (1966). The trial court had the advantage of observing the evidence as it was presented, and ordered a remittitur of $14,000.

"As an appellate court we will not disturb the trial court's ruling upon appeal unless it can be said that the verdict was so excessive as to be without support in the evidence, or was the result of some extrinsic consideration such as bias, passion or prejudice on the part of the jury. Carr v. Florian, 43 Ariz. 149, 29 P.2d 728 (1934). We have considered the evidence and cannot find where the original verdict nor the judgment after the verdict was such that it shocks the conscience of the Court, and therefore will not tamper with the determination of the jury and trial judge. Stallcup v. Rathbun, 76 Ariz. 63, 258 P.2d 821 (1953); Newman v. Piazza, supra." 10 Ariz. App. at 82–83, 456 P.2d at 402–403.

As we view the above cases and other Arizona decisions reviewed therein, a Rule 59(i) order, by necessary implication, requires that the trial court entertain the opinion that the verdict was not the result of passion or prejudice. The Rule and the Arizona decisions do not require that the trial court expressly state the basis of its reasoning in the entry of the order.

From our review of the record we find no abuse of judicial discretion.

The order appealed from is,

· Affirmed.

CASE and JACOBSON, JJ., concur.