IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

MICHAEL SOTO, et al., *Plaintiffs/Appellants*,

*v.*

ANTHONY M. SACCO, et al., *Defendants/Appellees*.

No. 1 CA-CV 15-0092
FILED 5-19-2016

Appeal from the Superior Court in Maricopa County
No. CV 2013-011046
The Honorable Michael D. Gordon, Judge

**AFFIRMED**

COUNSEL

Law Office of James Michael Abernethy, PLLC, Phoenix
By James Michael Abernethy
*Counsel for Plaintiffs/Appellants*

Jones Skelton & Hochuli, PLC, Phoenix
By Edward G. Hochuli, Whitney M. Harvey, Justin M. Ackerman
*Counsel for Defendants/Appellees*

**OPINION**

Judge Margaret H. Downie delivered the opinion of the Court, in which
Presiding Judge Andrew W. Gould and Judge John C. Gemmill joined.

**D O W N I E**, Judge:

¶1 Michael Soto and Julie Kunstler Soto appeal from an order
granting a new trial that became effective after Michael rejected a remittitur

of damages awarded by a jury.[1]  We hold that the Sotos' appeal is timely and affirm the new trial order.

## FACTS AND PROCEDURAL HISTORY

**¶2**        The Sotos were passengers in a cab driven by Anthony Sacco when it collided with another vehicle.  The Sotos sued Sacco, Discount Enterprises Inc., and Total Transit, Inc. d/b/a Discount Cab (collectively, "Defendants").  Defendants admitted Sacco's negligence and *respondeat superior* liability.  A jury trial ensued solely on the issue of damages.

**¶3**        Trial evidence established that Michael sustained multiple fractures to the humerus of his dominant arm that required surgery to implant a plate and screws.  Witnesses testified that Michael no longer enjoyed certain activities he participated in before the accident, and he experienced significant pain and emotional distress as a result of the accident.  However, Michael's treating physician testified that the fractures healed during four months of physical therapy, and he placed no restrictions on Michael or his activities.  The physician recommended that Michael use his arm normally, with the understanding it may never be "100 percent strong," and he suggested Michael refrain from an activity only if it became "very uncomfortable."  Michael made no claim for lost wages or future medical expenses.  His medical bills totaled approximately $40,500.

**¶4**        During closing arguments, counsel for the Sotos asked the jury to award Michael $725,000.  Defendants suggested an award of $90,000.  The jury awarded Michael $700,000.

**¶5**        Defendants filed a "Motion for New Trial, to Alter or Amend the Judgment, and for Remittitur."  After briefing and oral argument, the trial court granted a remittitur, reducing Michael's award to $250,000 in an unsigned minute entry filed November 19, 2014.  The court directed the Sotos to "file a notice as to whether or not they accept the reduced verdict" by November 25, 2014.

**¶6**        On November 24, 2014, the Sotos filed a "Notice of Plaintiffs' Rejection to Court's Remittitur."  Based on that submission, the court set a scheduling conference for February, but stated it would vacate the hearing

---

[1]      The jury awarded Julie $40,000 in damages, but her award is not at issue on appeal.  When necessary to distinguish between the Sotos, we refer to them by their first names.

"upon either party's perfection of an appeal."  The Sotos thereafter filed a "Request for Expedited Order to Perfect Appeal," stating:

> It appears that Rule 59(i) was meant to be essentially self-executing and Plaintiffs['] rejection would trigger the appellate time.  ("No further written order shall be required to make an order granting or denying the new trial final.")  However, that appears to presume that this Court had issued a signed "final Order" which was then filed with the Clerk.  To Plaintiffs['] knowledge, this has not yet been done.  Thus, in order to comply with the procedural requirements that there be a signed, final Order filed with the Clerk, Plaintiffs have attached a Proposed Order as Exhibit A hereto which mirrors this Court's minute entry rulings and Plaintiffs would ask that this Court sign such Order expeditiously so that they may pursue their appellate rights.

¶7        During a December 16 hearing, the court and counsel discussed the Sotos' request for a signed order.  On December 17, the court filed a signed "Final Order" that stated, in pertinent part:

> [T]he Court previously granted the Remittitur as to Plaintiff Michael Soto and denied it as to Julie Soto.  The Court also offered the Plaintiffs the opportunity to accept the Remittitur, which would have resulted in vacating the new trial order pursuant to Rule 59(i)(1), Ariz. R. Civ. P.

> Pursuant to Rule 59(m), Ariz. R. Civ. P., the Court specifies with particularity the grounds for granting the motion.  The Court finds that the verdict with respect to Michael Soto was excessive and not supported by the evidence.

> Now that the Plaintiffs have rejected the Remittitur, the Court affirms the Status Conference set for February 27, 2015, in order to proceed with the new trial.  The Court, however, will be deprived of further jurisdiction over the matter if either side perfects an appeal.  To be clear, the Court intends this order for a new trial to be a final written order resolving all issues raised under Rule 59(i), Ariz. R. Civ. P.

The Sotos filed a notice of appeal on January 14, 2015.

## DISCUSSION

### I.    Appellate Jurisdiction

**¶8**    "The timely filing of a valid notice of appeal is a prerequisite to the exercise of appellate jurisdiction." *Santee v. Mesa Airlines, Inc.*, 229 Ariz. 88, 89, ¶ 3 (App. 2012). We have an independent duty to examine our jurisdiction, *Desert Palm Surgical Group, P.L.C. v. Petta*, 236 Ariz. 568, 576, ¶ 15 (App. 2015), and we therefore requested supplemental briefing regarding the timeliness of the Sotos' appeal.

**¶9**    The general rule is that a party must file a notice of appeal "no later than 30 days after entry of the judgment from which the appeal is taken." ARCAP 9(a). The trial court here filed a signed judgment on September 12, 2014 based on the jury's verdict. Defendants filed a timely motion for new trial or remittitur, which tolled the time to appeal. *See* ARCAP 9(e)(1)(D) (appeal time begins to run from entry of signed order disposing of a time-extending motion).

**¶10**    Rule 59(i)(1) addresses remittiturs and states, in pertinent part:

> When a motion for new trial is made upon the ground that the damages awarded are either excessive or insufficient, the court may grant the new trial conditionally upon the filing within a fixed period of time of a statement by the party adversely affected by reduction or increase of damages accepting that amount of damages which the court shall designate. If such a statement is filed within the prescribed time, the motion for new trial shall be regarded as denied as of the date of such filing. *If no statement is filed, the motion for new trial shall be regarded as granted as of the date of the expiration of the time period within which a statement could have been filed. No further written order shall be required to make an order granting or denying the new trial final.*

(Emphasis added.) Under the rule, "[n]o further written order" is required to make the conditional grant or denial of a new trial final. The question thus becomes whether the time to appeal began to run on November 25,

2014 — the deadline for the Sotos to accept or reject the remittitur.[2]  Under the facts of this case, we hold that it did not.

¶11          The trial court issued no signed order regarding the motion for new trial until December 17, 2014.[3]  The January 14, 2015 notice of appeal was therefore timely.  An order granting or denying a motion for new trial must be signed to be appealable.  *See Tripati v. Forwith*, 223 Ariz. 81, 84, ¶¶ 10, 15 (App. 2009).  The conditional nature of a Rule 59(i) order does not alter the fact that it operates to either grant or deny a new trial.  Because the Sotos filed a notice of appeal within 30 days of the only signed order resolving Defendants' motion for new trial, their appeal was timely, and we have jurisdiction pursuant to Arizona Revised Statutes section 12-2101(A)(5)(a).

## II.    New Trial Order

¶12          The new trial order was based on the trial court's conclusion that "the verdict with respect to Michael Soto was excessive and not supported by the evidence."  As a threshold matter, we disagree with the Sotos' contention that Rule 59(m) required the court to make more detailed findings regarding the grounds for the new trial order.  "Rule 59(m) does not apply to Rule 59(i) in that Rule 59(i) is express as to the grounds.  Rule 59(i) does not require the trial court to specify the particulars in relation to which the verdict was excessive."  *Hancock v. Linsenmeyer*, 15 Ariz. App. 296, 299 (1971).

¶13          We turn then to the determination that Michael's award was "excessive and not supported by the evidence."  It has "long been the rule in this jurisdiction that the exercise of the power of remittitur rests in the sound discretion of the court."  *Spur Feeding Co. v. Fernandez*, 106 Ariz. 143, 149 (1970).  Remittitur is appropriate if the court concludes that a damage award is not supported by substantial evidence and reflects "an

---

[2]       Although the Sotos filed a notice rejecting the remittitur the day before the court-imposed deadline, Rule 59(i) makes the affected party's filing the triggering event only if it *accepts* the additur or remittitur — something that did not occur here.

[3]       Additionally, the November 24 unsigned ruling granted Defendants' "Motion for Remittitur" but did not conditionally grant a new trial, as Rule 59(i)(1) contemplates as part of its self-executing function.  The December 17 signed order cured that deficiency.

exaggerated measurement of damages," though it is not "shockingly or flagrantly outrageous."[4]  *In re Estate of Hanscome*, 227 Ariz. 158, 162, ¶¶ 13–14 (App. 2011).  After reviewing decades of Arizona jurisprudence involving additurs and remittiturs, our supreme court explained that, like the jury, the trial judge has "the opportunity to observe the witnesses' demeanor on the stand, and his ruling on additur, remittitur, and new trial, because of an inadequate or excessive verdict, will generally be affirmed, because it will nearly always be more soundly based than ours can be." *Creamer v. Troiano*, 108 Ariz. 573, 575 (1972).  Nevertheless, we have cautioned that remittitur should be ordered only "for the most cogent reasons . . . such as lack of evidence to support the damages awarded or a clear indication that the jury misapplied the principles governing damages." *Hanscome*, 227 Ariz. at 162, ¶ 14.

¶14        The trial judge in this case heard the evidence first-hand and could reasonably conclude that the award to Michael reflected "an exaggerated measurement of damages." *Hanscome*, 277 Ariz. at 162, ¶ 13.  Although Michael suffered serious short-term injuries and emotional distress, there was no evidence of permanent medical disability and no claim for future expenses.  Defendants proffered information regarding verdicts in cases involving individuals under 50 years of age with similar fractures that supported their contention the damage award was excessive.  *Cf. Desert Palm Surgical Grp.*, 236 Ariz. at 583–84, ¶¶ 43–44 (comparing verdict to comparable civil cases to determine whether it constituted "an excessive award of general damages").  Under these circumstances, a reasonable trial judge could conclude that a new trial was appropriate.

---

[4]      A trial court must order a new trial, not remittitur, if it concludes a verdict is the result of passion or prejudice.  *See Hanscome*, 277 Ariz. at 162, ¶ 13 (tainted verdict requires a new trial); *Hancock*, 15 Ariz. App. at 299 ("[A] Rule 59(i) order, by necessary implication requires that the trial court entertain the opinion that the verdict was not the result of passion or prejudice.").

## CONCLUSION[5]

¶15     For the foregoing reasons, we affirm the judgment of the superior court.



**Ruth A. Willingham** · Clerk of the Court
F I L E D : ama

---

[5]     Defendants filed a motion to strike portions of the Sotos' reply brief. We deny that motion.