IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

————————

**MICHAEL SOTO, ET AL.,**
*Plaintiffs/Appellants,*

*v.*

**ANTHONY M. SACCO, ET AL.,**
*Defendants/Appellees.*

————————

No. CV-16-0136-PR
Filed July 13, 2017

————————

Appeal from the Superior Court in Maricopa County
The Honorable Michael D. Gordon, Judge
No. CV2013-011046
**AFFIRMED**

Opinion of the Court of Appeals, Division One
239 Ariz. 516 (App. 2016)
**VACATED**

————————

COUNSEL:

James Michael Abernethy (argued), Law Office of James Michael
Abernethy PLLC, Phoenix, Attorney for Michael Soto

Edward G. Hochuli, Lori L. Voepel (argued), Justin M. Ackerman, Jones,
Skelton & Hochuli P.L.C., Phoenix, Attorneys for Anthony M. Sacco, Total
Transit Inc. dba Discount Cab and Discount Enterprises, Inc.

Mark Brnovich, Arizona Attorney General, Daniel P. Schaack, Assistant
Attorney General, Robert R. McCright, Assistant Attorney General,
Phoenix, Attorneys for Amicus Curiae State of Arizona

Joseph N. Roth, Joshua D. Bendor, Osborn Maledon P.A., Phoenix; and Brad
Holm, Phoenix City Attorney, Phoenix, Attorneys for Amicus Curiae City
of Phoenix

Jeffrey C. Warren, Amanda Heitz, Bowman and Brooke LLP, Phoenix, Attorneys for Amicus Curiae Arizona Association of Defense Counsel.

———————

JUSTICE LOPEZ authored the opinion of the Court, in which CHIEF JUSTICE BALES, VICE CHIEF JUSTICE PELANDER, and JUSTICES BRUTINEL, TIMMER, BOLICK and BERCH (RETIRED)* joined.

JUSTICE LOPEZ, opinion of the Court:

¶1          This case concerns the standards a trial court applies in granting a new trial or ordering remittitur or additur under Arizona Rule of Civil Procedure 59.  Although a trial court should be circumspect when modifying a jury verdict, it nonetheless may do so if it states the Rule 59(a) or (i) grounds for the order and explains its ruling with sufficient particularity to avoid speculation as to its basis.

## BACKGROUND

¶2          This case arises from a motor vehicle accident, the salient facts of which are not in dispute.  Michael Soto and his wife Julie (the "Sotos") were passengers in a taxi cab driven by Anthony Sacco when it collided with another vehicle.  The Sotos sued Sacco, Discount Enterprises Inc., and Total Transit, Inc. doing business as Discount Cab (collectively "Defendants").  Defendants admitted Sacco's negligence and respondeat superior liability.  A jury trial ensued to determine damages.

¶3          As a result of the accident, Michael sustained multiple fractures to his dominant arm and underwent surgery to permanently implant a plate and screws to stabilize it.  The Sotos testified that Michael experienced significant pain and emotional distress since the accident, preventing him from participating in physical activities he previously enjoyed.  Michael's treating physician, however, placed no limitations on his activities and told him to use his arm normally, using pain as a guide

———————

* Justice Andrew W. Gould has recused himself from this case.  Pursuant to article 6, section 3, of the Arizona Constitution, the Honorable Rebecca White Berch, Justice of the Arizona Supreme Court (Retired), was designated to sit in this matter.

when engaging in physical activity. Michael's medical bills totaled $40,538.40, but he made no claim for future medical expenses or lost wages.

¶4        At trial, the Sotos urged the jury to award Michael $725,000 in damages. Defendants suggested an award between $90,000 and $120,000. After deliberating, the jury awarded $700,000 to Michael and $40,000 to Julie. Defendants then moved for a new trial, or to alter or amend the judgment, and for remittitur under Arizona Rule of Civil Procedure 59(a)(1), (5), (7) and (8), and Rule 59(i), requesting that Michael's award be reduced to not more than $350,000. The trial court found that the jury verdict in favor of Michael "was excessive and not supported by the evidence," and granted a remittitur pursuant to Rule 59(i), reducing Michael's award to $250,000.[1] The Sotos rejected the court's remittitur and appealed from the new trial order that became effective after they declined the remittitur.

¶5        The court of appeals affirmed. *Soto v. Sacco*, 239 Ariz. 516 (App. 2016). It rejected the Sotos' argument that conditional grants of new trial under Rule 59(i) are subject to Rule 59(m), which requires the trial court to specify with particularity the ground(s) on which the new trial is granted. The court of appeals instead concluded that "Rule 59(i) does not require the trial court to specify the particulars in relation to which the verdict was excessive" and upheld the trial court's remittitur. *Soto*, 239 Ariz. at 519 ¶ 12 (quoting *Hancock v. Linsenmeyer*, 15 Ariz. App. 296, 299 (1971)) (internal quotation marks omitted). The court determined that the trial court "could reasonably conclude that the award to Michael reflected 'an exaggerated measurement of damages.'" *Id.* at 520 ¶ 14 (quoting *In re Estate of Hanscome*, 227 Ariz. 158, 162 ¶ 13 (App. 2011)).

¶6        We granted review because the standards for ordering remittitur or additur or granting a new trial under Rule 59 present recurring issues of statewide importance. We have jurisdiction under article 6, section 5(3), of the Arizona Constitution and A.R.S. § 12-120.24.

---

[1] For purposes of this case, we refer to the 2016 version of Rule 59, which was amended in 2017. Rule 59(i) of the 2016 version, relating to motions for additur or remittitur, is now Rule 59(f), and what was Rule 59(m) is now part of Rule 59(i) in the 2017 version.

## DISCUSSION

### I.     Standard of Review Under Rule 59

¶7          This case implicates the proper balance between a jury's province to determine civil damages and the trial court's authority under Rule 59 to modify a jury's award.  Because a jury plays a vital role in our civil justice system, a trial court may not simply substitute its judgment for the jury's.  *State v. Fischer,* 242 Ariz. 44, 50 ¶ 21 (2017) ("We emphasize that the court does not usurp the role of the jury in granting a new trial because the court does not substitute its judgment for that of the jury; it only allows the parties a new trial before a different jury."); *cf. Tennant v. Peoria & Pekin Union Ry. Co.*, 321 U.S. 29, 35 (1944) ("Courts are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable.").  A trial court should be circumspect in interfering with a jury verdict by carefully and sparingly exercising its discretion to reduce or increase a jury's damage award.  *See Fischer,* 242 Ariz. at 44 ¶ 11, 50 ¶ 19 ("Arizona courts use essentially the same standard in civil and criminal cases," and "[a] trial court considering a motion for a new trial must respect the role of the jury and the integrity of the jury trial system."); *Creamer v. Troiano*, 108 Ariz. 573, 576 (1972) ("Almost always when there is a conflict in the evidence, the trial judge should not interfere with what is peculiarly the jury's function.").  Such reticence preserves the jury's important role and protects the right to a jury trial under article 2, section 23, of the Arizona Constitution.

¶8          Although we urge trial courts to sparingly exercise discretion in modifying a jury's verdict, we recognize that a trial judge plays a role akin to a "thirteenth juror" (a ninth juror in a civil case) when ruling on a motion for new trial, including motions based on excessive or insufficient damages.  *Fischer,* 242 Ariz. at 49 ¶ 14, 50 ¶ 19; *see also Reeves v. Markle*, 119 Ariz. 159, 163 (1978) ("[The trial judge] has a special perspective of the relationship between the evidence and the verdict which cannot be recreated by a reviewing court from the printed record."); *Brownell v. Freedman,* 39 Ariz. 385, 389 (1932) (noting that a trial judge, as an extra juror, "must be convinced that the weight of the evidence sustains the verdict, or it is his imperative duty to set it aside").  A trial judge's unique position is "the primary buffer against unjust verdicts," and the trial judge "performs

an indispensable function without which our system of justice could not hold out the promise of [a] uniform application of the law." *Reeves*, 119 Ariz. at 163; *see also Fischer*, 242 Ariz. at 48 ¶ 12. For this reason, we grant significant latitude to trial courts in ruling on new trial motions. *Reeves*, 119 Ariz. at 163 ("Whenever a new trial order is justified by any of the grounds cited in the order, an appellate court will not disturb the lower court's exercise of its discretion."). But a trial court should not disturb a jury's damage award unless the judge is firmly convinced it is inadequate or excessive and is contrary to the weight of the evidence. *See Creamer*, 108 Ariz. at 576–77.

¶9          If the trial judge finds that the damage award is tainted by "passion or prejudice," or is "shocking[ly] or flagrantly outrageous," remittitur is not an appropriate remedy. *Hanscome*, 227 Ariz. at 162 ¶ 13 (quoting *Stallcup v. Rathbun*, 76 Ariz. 63, 65, 67 (1953)). Under those circumstances, the court must instead order a new trial. *Id.* When, as here, the verdict is neither the result of passion or prejudice nor shockingly outrageous, but "instead reflects an exaggerated measurement of damages," "the trial court may exercise its discretion to order remittitur." *Id.* (citation omitted).

¶10          In differentiating between the standard for a new trial, which requires a finding of "passion or prejudice" or a "shockingly or flagrantly outrageous" verdict, and the lower standard for remittitur, which requires an exaggerated measurement of damages not supported by the evidence, we break no new ground. We merely affirm our longstanding jurisprudence and remain in the majority of jurisdictions, including the United States Supreme Court, which permit remittitur of an excessive jury award absent a finding of "passion or prejudice" or a similarly heightened standard.[2]

---

[2] *See, e.g.*, *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 424–25, 438 (1996) (A state statute authorizing remittitur where a jury award "deviates materially" from reasonable compensation does not violate the Seventh Amendment right to a jury trial.); *Garhart ex rel. Tinsman v. Columbia/HealthOne, LLC*, 95 P.3d 571, 582 (Colo. 2004) ("In Colorado, a court may exercise its power of remittitur by setting aside a verdict in a personal injury case if the award is either grossly and manifestly excessive or inadequate."); *Odom v. Roberts*, 606 So. 2d 114, 118 (Miss. 1992) ("[If a

## II. Rule 59(m)'s Application to Rule 59(i)

¶11        We conclude that Rule 59(m) applies to Rule 59(i). Rule 59(i) permits a trial court to "grant the new trial conditionally," and if the party against whom the remittitur is ordered refuses to accept it, a new trial is granted without further order. Rule 59(m) states that "[n]o order granting a new trial shall be made and entered unless the order specifies with particularity the ground or grounds on which the new trial is granted." The trial court expressly recognized that Rule 59(m) applies to Rule 59(i) by specifically referring to Rule 59(m) in its ruling. The court of appeals, however, relying exclusively on *Hancock*, 15 Ariz. App. at 299, held that Rule 59(m) does not apply to a conditional new trial grant under Rule 59(i) because "Rule 59(i) is express as to the grounds." *Soto*, 239 Ariz. at 519 ¶ 12. *Hancock* held that "Rule 59(i) does not require the trial court to specify the

court] 'finds that the damages are excessive or inadequate for the reason that the jury or trier of the facts was influenced by bias, prejudice, or passion, or that the damages awarded were contrary to the overwhelming weight of credible evidence,' a motion for a new trial still may be overruled upon condition of additur or remittitur.") (quoting Mississippi statute); *Drummond v. Mid-West Growers Coop. Corp.*, 542 P.2d 198, 207 (Nev. 1975) ("[T]he 'right to a jury trial' does not mean that an error committed by a jury may not be corrected, merely because the vehicle of correcting such error was not known or practiced at common law when Nevada's Constitution was adopted."); *Arbino v. Johnson & Johnson*, 880 N.E.2d 420, 431 ¶ 38 (Ohio 2007) ("[C]ourts have the inherent authority to order remittiturs to reduce jury awards when they deem the amount to be excessive based on the facts found by the jury."); *Pope v. Moore*, 711 S.W.2d 622, 624 (Tex. 1986) ("Factual sufficiency is the sole remittitur standard for actual damages."); *Powers v. Allstate Ins. Co.*, 102 N.W.2d 393, 400 (Wis. 1960) ("[W]here an excessive verdict is not due to perversity or prejudice, and is not the result of error occurring during the course of trial, the plaintiff should be granted the option of remitting the excess over and above such sum as the court shall determine is the reasonable amount of plaintiff's damages, or of having a new trial on the issue of damages."). *But see, e.g.*, *Kabel v. Brady*, 519 So. 2d 912, 920 (Ala. 1987)("A remittitur or a new trial should not be ordered on the grounds of excessiveness of the jury's verdict unless the court can determine that the verdict was reached on account of bias, passion, prejudice, corruption, or other improper motive.").

particulars in relation to which the verdict was excessive." 15 Ariz. App. at 299.

¶12    We reject the court of appeals' and *Hancock*'s interpretation of Rule 59(i) because it would allow the trial court to circumvent the Rule 59(m) particularity requirement when granting remittitur under Rule 59(i). This is particularly so because one of the identified grounds for a new trial under Rule 59 is "excessive" damages. Ariz. R. Civ. P. 59(a)(5). If a trial judge conditionally granted a new trial under Rule 59(i) without stating the grounds with particularity, and the party adversely affected by the reduction declined to accept the reduction, the new trial would be granted without the trial court providing the requisite Rule 59(m) particularity. Requiring particularity also advances transparency and aids parties' and appellate courts' review of the trial court's decision. The stylistic change simplifying the language of Rule 59(i), effective January 1, 2017, comports with our conclusion that Rule 59(m) of the 2016 version applies to Rule 59(i). It requires that "*any* order granting a new trial or altering or amending a judgment" must state particularized grounds. Ariz. R. Civ. P. 59(i) (2017) (emphasis added). Accordingly, because we find *Hancock*'s reasoning unpersuasive and its conclusion inconsistent with Rule 59 when read as a whole, we overrule *Hancock* and its progeny, and now clarify that Rule 59(m) applies to Rule 59(i) (and, thus, the 2017 version of Rule 59(i) applies to rulings that grant motions under revised Rule 59(f)).

### III.    Particularity Requirement Under Rule 59(m)

¶13    Since shortly after Rule 59(m)'s adoption in 1954, our courts have endeavored to articulate a practical standard for determining when an order states sufficient facts and conclusions to satisfy the rule's particularity requirement.[3] In *Yoo Thun Lim v. Crespin*, 100 Ariz. 80, 83 (1966), we reasoned that particularity means "in a detail," and instructed that mere recitation of the statutory grounds for a new trial in Rule 59(a) "manifestly" failed to satisfy Rule 59(m)'s particularity requirement. *See also Rogers v. Mountain States Tel. & Tel. Co.*, 100 Ariz. 154, 163–64 (1966) (finding the trial court's order that "the judgment was not justified by the evidence" failed to satisfy the Rule 59(m) particularity requirement); *Pima County v. Bilby*, 87

---

[3] We intend the following analysis to govern the particularity requirement of current Rule 59(i).

Ariz. 366, 373–74 (1960) (explaining that Rule 59(m)'s particularity requirement was not met where the specified grounds for remittitur were that "the verdict and judgment were contrary to the law and evidence"). We have followed *Crespin*'s instruction that Rule 59(m) requires greater particularity or detail than mere recitation of Rule 59(a)'s grounds, and we see no reason to jettison this approach. *See, e.g., Reeves*, 119 Ariz. at 163–64. By construing "particularity" as requiring the trial judge to describe why the jury award is too high or low, we respect the jury's decision and allow for meaningful appellate review.

¶14        We further note that, although Rule 59(m) is "designed to insure that both parties and the appellate courts receive adequate notice of the grounds on which the trial court relied," *Reeves*, 119 Ariz. at 164, it does not require the trial court "to render a written opinion setting forth [its] rationale for granting a new trial motion or to undertake a lengthy review of the facts." *Heaton v. Waters*, 8 Ariz. App. 256, 259–60 (1968). Instead, Rule 59(m) requires only that a trial court's order furnish sufficient detail to apprise the parties and appellate courts of the specific basis for the court's ruling so that they may avoid speculation. *Crespin*, 100 Ariz. at 82–83 (noting that the trial court's new trial order did not comply with Rule 59(m) where it was based "on the grounds set forth in [the] motion for a new trial," which merely was "couched in the language of the statutory grounds for a new trial"); *see also Esplendido Apartments v. Metro. Condo. Ass'n of Ariz. II*, 161 Ariz. 325, 330 (1989) (finding Rule 59(m) is "satisfied when 'both parties and the appellate courts receive adequate notice of the grounds on which the trial court relied'" (quoting *Reeves*, 119 Ariz. at 164)).

¶15        "The power of a judge to grant a new trial is the same regardless of the particularity of the language of the new trial order . . . ." *Reeves*, 119 Ariz. at 164. When a trial court's Rule 59 order fails to satisfy the Rule 59(m) particularity requirement, however, the burden shifts to the appellee to establish that the trial court did not err in granting a new trial, additur, or remittitur. *Id*. Thus, a trial court's degree of specificity in explaining its ruling under Rule 59(m) determines the degree of deference afforded to its judgment on appellate review. If the trial court provides fact-specific reasons, sufficient to avoid speculation, to support its order of a conditional new trial or additur or remittitur on the grounds prescribed in Rule 59(a) and (i), then appellate courts will afford the trial court greater discretion and generally defer to its findings and ruling. *Id.* at 163. In that

instance, the appellant would bear the burden of establishing that the trial court abused its discretion; it is not enough to show that reasonable evidence supported the jury's verdict. *Id.* at 164; *Santanello v. Cooper*, 106 Ariz. 262, 264 (1970). But if the trial court does not provide detailed reasons to support its ruling, our level of deference is reduced and "the appellee has the burden on appeal 'to convince us that the trial court did not err in ordering a new trial.'" *Reeves*, 119 Ariz. at 164 (quoting *Crespin*, 100 Ariz. at 83). To satisfy its burden, the appellee must establish that the trial court's order was supported by substantial evidence and did not constitute an abuse of discretion. *Id.* This burden-shifting paradigm should incentivize moving parties to seek, and trial courts to provide, particularized grounds and detailed reasons for ordering a new trial, thus aiding appellate review .

¶16  In an effort to limit trial courts' authority to grant remittitur to only the most extreme cases, the Sotos rely heavily on *Ahmad v. State*, 240 Ariz. 380, 385 ¶ 17 (App. 2016), a wrongful death case in which the court of appeals overturned a trial court's remittitur order that was "based solely on an unarticulated subjective concept of 'reasonableness.'" The trial court in *Ahmad*, in granting remittitur, explained only that its ruling was "[b]ased upon the evidence presented at trial and the damages recoverable in this action." *Id.* at 383 ¶ 7. The court of appeals found this an insufficient explanation of the trial court's rationale, explaining that trial courts must identify "some palpable defect in the evidence or verdict" in granting a remittitur in wrongful death cases. *Id.* at 385 ¶ 17.

¶17  The Sotos urge us to apply *Ahmad*'s "palpable defect" standard here. Defendants contend that *Ahmad* is inapplicable because it involved a wrongful death action rather than a personal injury action. They reason that *Ahmad*, even if correct, applies only to special statutory considerations under the wrongful death statute, A.R.S. § 12-613, which provides that "[i]n an action for wrongful death, the jury shall give such damages as it deems *fair and just* with reference to the injury resulting from the death to the surviving parties who may be entitled to recover." (emphasis added).

¶18  We find *Ahmad*'s reasoning unpersuasive for two reasons. First, the "palpable defect" standard is novel, vague, and inconsistent with the language and purpose of Rule 59. *Cf. Reeves*, 119 Ariz. at 164 ("We do not believe Rule 59(m) was intended to limit the discretion of a judge to

order a new trial."); *see also Bilby*, 87 Ariz. at 374 (concluding that failure to comply with Rule 59(m) does not require that the new trial motion be denied with prejudice and that the verdict and judgment be reinstated because "[s]uch a result is entirely unwarranted by the terms and purpose of the Rule"). Second, we reject the notion that § 12-613's "fair and just" damages provision mandates greater deference to juries in wrongful death cases than in personal injury actions. The standard for remittitur is the same in wrongful death and personal injury cases. *See, e.g.*, *Alires v. S. Pac. Co.*, 100 Ariz. 6, 14 (1966) (holding that the trial court "did not exceed its judicial discretion in finding that the damages ordered by the jury were excessive" and ordering remittitur in a wrongful death action); *cf. Begay v. City of Tucson*, 148 Ariz. 505, 507 (1986) (suggesting no difference between personal injury and wrongful death cases concerning the trial court's consideration of a motion for new trial based on insufficient damages).

¶19        We perceive no relevant distinction between a jury's duty to render a "fair and just" damages award in a wrongful death action and its charge to issue an award based upon its "good sense and unbiased judgment" in a personal injury case.[4] *See Meyer v. Ricklick*, 99 Ariz. 355, 357–58 (1965) (noting that in a personal injury action, the "law does not fix precise rules for the measure of damages but leaves their assessment to a jury's good sense and unbiased judgment"). The legislature's codification of the "fair and just" standard in the wrongful death statute does not alter our conclusion. *Summerfield v. Superior Court*, 144 Ariz. 467, 472 (1985) ("The phrase[] 'such damages as are fair and just,' . . . (A.R.S. § 12-613) invite[s] the court to participate in construing the statutes and setting the parameters of the action."). To hold otherwise would imply that jurors may act less fairly and justly in personal injury cases or that they need not act fairly and justly at all, an untenable proposition. Rule 59, which does not require a "palpable defect" in the evidence or verdict, applies uniformly to wrongful death and personal injury actions.

---

[4]  A jury may render a zero damages award under the wrongful death statute if it deems such an award "fair and just" because, unlike a common-law negligence claim, damages are not an essential element of a statutory wrongful death claim. *Walsh v. Advanced Cardiac Specialists Chartered*, 229 Ariz. 193, 196 ¶ 9 (2012). This distinction is not relevant here.

### IV.    Remittitur of the Jury's Damage Award

¶20        In this case, the trial judge stated in his remittitur order that the jury verdict "was excessive and not supported by the evidence." *See* Ariz. R. Civ. P. 59(a)(5), (8).  As explained, Rule 59(m) requires the court to provide greater particularity than the "ground or grounds on which the new trial is warranted" under Rule 59(a).  Although the trial judge clearly provided the Rule 59(a) and (i) grounds upon which he ordered remittitur, "excessive" damages and "not supported by the evidence," his order failed to provide any basis for the conclusion.  Although Rule 59(m) does not require the trial court to render a written opinion or provide a lengthy review of the facts underlying the relevant Rule 59(a) grounds, the court must provide sufficient detail to support its ruling and to eliminate speculation on appellate review.  The trial court's finding that the award "was excessive and not supported by the evidence" fails to satisfy this standard.  Accordingly, the burden shifts to Defendants to convince us that the trial court did not err in ordering a new trial or remittitur.

¶21        Here, like the court of appeals, we conclude that Defendants carried their burden of establishing that the trial court's remittitur and new trial order is supported by substantial evidence and is not an abuse of discretion.  Although Michael endured serious injury, rehabilitation, and attendant emotional distress, he did not present a claim for future expenses or other economic loss.  On this record, the trial court could have reasonably concluded that the jury verdict was excessive, and we will not disturb its ruling.

### V.    Comparable Verdict Evidence

¶22        Defendants also presented information regarding jury verdicts in cases involving individuals close in age to Michael who suffered similar fractures.  These similar cases support Defendants' contention that the damage award was excessive.  *Cf. Desert Palm Surgical Grp., P.L.C. v. Petta*, 236 Ariz. 568, 583–84 ¶¶ 43–44 (App. 2015) (finding that the damage award was not supported where it could not be reconciled with other Arizona civil jury verdicts).  Although courts may consider comparable verdict evidence in attempting to establish that a particular verdict is excessive, we caution that cases may be unique and turn on fact-intensive determinations, and juries may view similar cases differently.  *Cf. Palenkas*

*v. Beaumont Hosp.*, 443 N.W.2d 354, 358 (Mich. 1989) (explaining that while a comparison of jury awards in analogous cases "cannot serve as an exact indicator, it does provide an objective means of determining the range of appropriate awards in such cases"). Thus, while such comparable verdict information may be presented to and considered by the trial court, we emphasize that it is only marginally relevant and the trial court should not treat other damage awards as conclusive in assessing whether the jury made a just award. Defendants' presentation of such information, on this record, does not alter our conclusion that the trial court acted within its discretion in ordering remittitur.

## VI.  Constitutionality of Remittitur

¶23      The Sotos also argue that the trial court's remittitur and subsequent new trial order violate Michael's constitutional right to a jury trial under article 2, section 23, of the Arizona Constitution. We disagree. The Arizona Constitution protects only the right to a jury trial as it existed before statehood. *Derendal v. Griffith*, 209 Ariz. 416, 419 ¶ 8 (2005). A trial court's discretionary authority to order additur, remittitur, or a new trial was well established before statehood, and nothing suggests that article 2, section 23, modified that authority. *See, e.g., S. Pac. Co. v. Tomlinson*, 4 Ariz. 126, 132 (1893) ("A trial court has the power, where excessive damages have been allowed by the jury, and where the motion to set aside the verdict is based upon this ground, to make a remission a condition precedent to overruling the motion."), *rev'd on other grounds,* 163 U.S. 369 (1896); *see also Gila Valley Globe & N. Ry. Co. v. Hall*, 13 Ariz. 270, 276 (1911). Thus, although article 2, section 23, guarantees the right to a jury trial in certain cases, it does not guarantee the right to an undisturbed jury verdict, free from review by trial or appellate courts. *Alabam Freight Lines v. Thevenot*, 68 Ariz. 260, 267 (1949) (rejecting argument that remittitur violates article 2, section 23, of the Arizona Constitution). In any event, the trial court ordered a new trial after the Sotos refused to accept the remittitur, thus preserving their right to a jury trial.

## DISPOSITION

¶24      We vacate the court of appeals' opinion, affirm the trial court's order conditionally granting a new trial, and remand the case to the trial court for further proceedings consistent with this opinion.