NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

GRICELDA PINO-ALVAREZ, *Plaintiff/Appellee/Cross-Appellant*,

*v.*

ROSTAND GILBERT ERLICHMAN, *Defendant/Appellant/Cross-Appellee*.

No. 1 CA-CV 19-0076
FILED 2-6-2020

---

Appeal from the Superior Court in Maricopa County
No. CV2016-054002
The Honorable Theodore Campagnolo, Judge

**AFFIRMED AS MODIFIED**

---

COUNSEL

Law Offices of Collin T. Welch, Phoenix
By Venus G. Booth
*Counsel for Plaintiff/Appellee/Cross-Appellant*

Mick Levin, P.L.C., Phoenix
By Mick Levin, Esq.
*Counsel for Defendant/Appellant/Cross-Appellee*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge James B. Morse Jr. joined.

---

**P E R K I N S**, Judge:

¶1 Rostand Gilbert Erlichman appeals the trial court's order denying his motion for a new trial on damages. Gricelda Pino-Alvarez cross-appeals the trial court's decision not to impose certain sanctions against Erlichman. She also appeals the trial court's denial of judgment as a matter of law, which we lack jurisdiction to hear. For the following reasons, we affirm the trial court's denial of a new trial but modify the award of sanctions against Erlichman to include double taxable costs.

## FACTUAL AND PROCEDURAL HISTORY

¶2 This personal injury action arises from a May 2016 car accident. Erlichman collided with Pino-Alvarez in an intersection. Pino-Alvarez sued Erlichman for negligence causing injuries she and her daughter sustained in the collision. Erlichman filed a negligence counterclaim.

¶3 Pino-Alvarez served Erlichman with an offer of judgment under which she would pay $3,235 to settle Erlichman's claim. Erlichman rejected this offer. The trial court then assigned the case to arbitration. The arbitrator found that Erlichman was 80 percent responsible for the collision with Pino-Alvarez only 20 percent responsible, and awarded $9,600 to Pino-Alvarez and $6,000 to Erlichman.

¶4 Erlichman then filed a notice of appeal from arbitration to the trial court. Both parties stipulated to dismiss Pino-Alvarez's claims against Erlichman with prejudice before trial. A jury trial was held. Both parties testified, along with the investigating law enforcement officer, and a collision analyst. Erlichman testified that he suffered injuries to his back, neck, and ankle from the collision and that doctors and physical therapists treated those injuries.

¶5 Counsel for both parties stipulated to admit Erlichman's medical records. Counsel for Pino-Alvarez later moved for judgment as a matter of law under Arizona Rule of Civil Procedure 50(a), arguing that

Erlichman's medical bills were insufficient to prove the reasonableness and necessity of treatments he received. The court denied the motion.

¶6 The jury returned a verdict of 50% liability against Pino-Alvarez and initially awarded no damages. After the court asked the jury to deliberate more, it found $2.00 in damages. The court entered a $1.00 judgment against Pino-Alvarez and awarded costs to Erlichman.

¶7 Erlichman then filed a motion for a new trial on damages under Rule 59(a)(1)(E) and (H), which the trial court denied. Pino-Alvarez moved for sanctions against Erlichman after the judgment under Rule 68 because Erlichman failed to achieve a better result than if he had accepted the earlier offer of judgment, and under Rule 77 because he failed to improve over the arbitration award. The court awarded Rule 77 sanctions to Pino-Alvarez but declined to award Rule 68 sanctions because she would receive "a double award of expert witness fees which is not appropriate." The court sanctioned Erlichman for $3,500 in attorney's fees, $3,500 in expert witness fees, and $149 in taxable costs.

¶8 Erlichman timely appealed the denial of a new trial under Rule 59; Pino-Alvarez timely cross-appealed on sanctions and whether the trial court properly denied her Rule 50(a) motion.

## DISCUSSION

### I.     Motion for New Trial under Rule 59

¶9 Rule 59 provides for a new trial on grounds including "excessive or insufficient damages," and a verdict or judgment not supported by the evidence. Ariz. R. Civ. P. 59(a)(1)(E), (H). Erlichman argues that the court erred in failing to order a new trial on damages because Pino-Alvarez never disputed Erlichman's testimony regarding damages. Erlichman contends that the jury's award is insufficient, not supported by the evidence, and contrary to law given his uncontroverted testimony.

¶10 We review a trial court's denial of a Rule 59 motion for abuse of discretion. *Soto v. Sacco*, 242 Ariz. 474, 478, ¶ 8 (2017). "[A] trial court should not disturb a jury's damage award unless the judge is firmly convinced it is inadequate or excessive and is contrary to the weight of the evidence." *Id.*

¶11 A tort plaintiff is only entitled to recover "those damages which are the direct and proximate consequence of the defendant's

wrongful acts." *Larsen v. Decker*, 196 Ariz. 239, 245, ¶ 28 (2000) (quoting *Valley Nat'l Bank v. Brown*, 110 Ariz. 260, 264 (1974)). When medical evidence is equivocal and does not "uniformly and clearly establish a causal connection between all of the medical bills offered" and a defendant's acts, a jury may "determine how much damage to allocate . . . ." *Id.* at ¶ 29. "Even an apparently inadequate verdict may be adequate where a jury accepts some and rejects other evidence." *Id.* "The court or jury is not compelled to believe the uncontradicted evidence of an interested party." *Estate of Reinen v. N. Ariz. Orthopedics, Ltd.*, 198 Ariz. 283, 287, ¶ 12 (2000).

**¶12** Here, Erlichman offered only his own testimony and medical bills to prove damages. He offered no testimony from medical experts or treating physicians. Erlichman also testified to his past drug abuse and previous ankle injuries.

**¶13** The jury heard this evidence and rendered its verdict. The jurors were entitled to accept or reject Erlichman's self-interested testimony and unexplained medical bills in determining whether the accident caused his injuries and whether his treatments were reasonable and necessary. *See Larsen*, 196 Ariz. at 245, ¶¶ 28–29; *Reinen*, 198 Ariz. at 287, ¶ 12. The jury might have also considered Erlichman's substance abuse and injury history in reaching a verdict. The trial court did not abuse its discretion by denying Erlichman's motion for a new trial on damages.

## II. Sanctions under Rules 68 and 77

**¶14** Rule 68(g) requires that sanctions be imposed when a litigant rejects an offer of judgment and fails to obtain a more favorable judgment at trial. Rule 77(h) likewise requires sanctions against a litigant who appeals an arbitration award and fails to obtain a judgment at least 23 percent more favorable at trial. The sanctions under these rules partially overlap. Under Rule 68, the litigant must pay the offeror her reasonable expert witness fees and double her taxable costs "incurred after the offer date." Ariz. R. Civ. P. 68(g)(1). Under Rule 77, the litigant must pay to the opposing party her taxable costs, reasonable attorney's fees, and reasonable expert witness fees incurred in connection with the appeal. Ariz. R. Civ. P. 77(h)(2)–(3).

**¶15** Pino-Alvarez argues on cross-appeal that the trial court erred by imposing sanctions under Rule 77 but not Rule 68. Erlichman agrees that the trial court erred by failing to award Pino-Alvarez double

taxable costs under Rule 68 but argues that Pino-Alvarez should not receive the same expert witness fees twice under Rule 68. "We review the [trial court's] interpretation and application of Rules 68(g) and 77[h] *de novo*." *Bradshaw v. Jasso-Barajas*, 231 Ariz. 197, 199, ¶ 5 (App. 2013).

**¶16**　　The trial court correctly found that Pino-Alvarez was entitled to sanctions awards under both rules but declined to award Rule 68 sanctions because it believed doing so would lead to a "double award of her expert fees." The text of both rules is explicitly mandatory and neither provides for an exception when the other rule applies. *See Groat v. Equity Am. Ins. Co.*, 180 Ariz. 342, 347 (App. 1994) ("Rules of procedure and statutes are read in conjunction with each other and harmonized whenever possible.").

**¶17**　　Giving effect to the plain text of both rules simultaneously, as these facts require, is not a difficult needle to thread: Pino-Alvarez may benefit from both rules but need not receive a windfall in double expert fees. As Erlichman concedes on appeal, Pino-Alvarez must receive double her taxable costs, which satisfies Rule 68's double costs requirement while meeting Rule 77's cost provision. And awarding her expert witness fees meets the requirement under both rules—there is no need to pay the expert twice to satisfy the rules' plain text. Finally, Pino-Alvarez also receives her reasonable attorney's fees under Rule 77.

**¶18**　　We reverse the trial court insofar as it declined to award Pino-Alvarez mandatory Rule 68 sanctions. As a result, we modify the court's sanctions award to double the taxable costs awarded to Pino-Alvarez, now totaling $299.20, and otherwise leave the sanctions awards intact.

## III.　　Judgment as a Matter of Law under Rule 50(a)

**¶19**　　Pino-Alvarez orally moved for judgment as a matter of law under Rule 50(a) as to Erlichman's damages because he failed to present any evidence that his medical bills were reasonable and necessary and thus the jury lacked a legally sufficient evidentiary basis to award Erlichman damages based on his medical bills. She contends in her cross-appeal that the trial court erred in denying her motion.

**¶20**　　We have an independent duty to examine our jurisdiction over an issue raised on appeal. *State v. Bejarano*, 219 Ariz. 518, 519, ¶ 2 (App. 2008). This court may not consider "the sufficiency of the evidence to sustain the verdict or judgment in an action tried before a jury unless a motion for a new trial was made." A.R.S. § 12-2102(C). We have

interpreted this statute to mean that a Rule 50(a) motion cannot convey appellate jurisdiction on a question of sufficiency of the evidence where a Rule 50(b) motion for a new trial is not made. *Marquette Venture Partners II, L.P. v. Leonesio*, 227 Ariz. 179, 183, ¶ 13 (App. 2011).

**¶21** The record does not indicate that Pino-Alvarez filed a Rule 50(b) motion after the close of trial. Accordingly, we lack jurisdiction to address whether the trial court erred in denying the Rule 50(a) motion.

## CONCLUSION

**¶22** We modify the award of sanctions to include double Pino-Alvarez's taxable costs equalling $299.20 and otherwise affirm the trial court's judgment. As the prevailing party, Pino-Alvarez may recover her costs on appeal upon compliance with ARCAP 21. *See* A.R.S. § 12-342.



AMY M. WOOD • Clerk of the Court
FILED: AA