NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ALFREDO MAURICIO FLORES, *Appellant.*

No. 1 CA-CR 22-0035
FILED 8-30-2022

Appeal from the Superior Court in Maricopa County
No. CR2020-138136-001
The Honorable Renee Korbin Steiner, Judge

**AFFIRMED AS AMENDED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Cory Engle
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the court, in which Presiding Judge David D. Weinzweig and Judge D. Steven Williams joined.

---

H O W E, Judge:

¶1        This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for Alfredo Mauricio Flores has advised this court that he has found no arguable questions of law and asks us to search the record for fundamental error. Flores was convicted of sexual conduct with a minor, a class 2 felony, and attempt to commit sexual conduct with a minor, a class 3 felony, for actions involving minor A.A.; and sexual conduct with a minor, a class 2 felony, for actions involving A.B. He was sentenced to consecutive terms of life imprisonment with a possibility of release after 35 years for each conviction for sexual conduct with a minor and a consecutive term of 10 years' imprisonment for the conviction for attempt to commit sexual conduct with a minor. He has filed a supplemental brief in propria persona, which the court has considered. After reviewing the record, we affirm Flores's convictions and sentences.

## FACTS AND PROCEDURAL HISTORY

¶2        From 2007 to 2009, A.A. was between five and seven years old. She lived at her grandmother's house with her mother and other family members. Flores lived across the street and occasionally visited. During one such visit, Flores, A.A., A.A.'s mother, and A.A.'s younger brother were in the backyard. When A.A.'s mother went inside, Flores called A.A. over to him, showed her pictures of naked girls on his phone, and asked if she knew what they were doing; she did not. Flores then molested her.

¶3        A year later, A.A. told her mother that Flores molested her, who reported the incident to the police. When A.A.'s mother explained what would happen after the police began working on the case, A.A. became upset and did not want to continue with the investigation. Accordingly, neither A.A. nor her mother showed up for the forensic interviews—which is a specific type of interview used with minors—and when officer's contacted A.A.'s mother for the investigation, A.A.'s mother did not return their call. Although the officers contacted A.A.'s mother six

times, they were unable to interview A.A. or her mother, and the case languished.

¶4            In 2013, Flores dated a woman who had a six-year-old daughter, A.B., and often visited her apartment. During one visit, Flores took A.B. into her mother's bedroom, pulled off her pants and underwear, and told her to perform oral sex on him, saying that her mother did the same thing. When A.B. told her mother, A.B.'s mother called the police, who spoke to A.B. and her mother that same day. A.B.'s mother took her to a forensic interview, where A.B. also relayed that when she, her mom, her brother, and Flores all slept on the floor, Flores molested her. After the interview, A.B.'s mother did not speak to another officer until 2020.

¶5            In 2020, an unrelated investigation caused Peoria Detective John Krause to reopen both the 2009 and 2013 investigations involving A.A. and A.B. respectively. Detective Krause interviewed A.A. in July 2020. He also reviewed A.B.'s forensic interview, concluding that a new interview was not needed because A.B. had given a very concise and clear description of what happened. A grand jury subsequently indicted Flores. Flores rejected all plea offers, and the case went to trial.

¶6            At trial, both A.A. and A.B. testified. Although A.B. testified that she only remembered one instance of sexual assault, the State played a recording of her 2013 forensic interview where A.B. stated that Flores had molested her while the family slept on the floor. A.B.'s mother testified that the family would have movie night and sleep on the floor and that she did not have a bed at that time. A.A. and A.B. did not know each other and neither had spoken to each other, nor had their mothers. Detective Krause testified that no DNA evidence was gathered because neither A.A. nor A.B. had reported the molestations until after the 120-hour window for physical evidence to be collected had long-since passed. After all testimony had been given, the jury returned guilty verdicts for all counts.

¶7            At sentencing, the trial court sentenced Flores to consecutive terms of life imprisonment without possibility of release for 35 years for the convictions of sexual conduct with a minor and a consecutive term of 10 years' imprisonment for the conviction of attempted sexual conduct with a minor, with 475 days of presentence incarceration credit. The court also ordered Flores to pay $1,292.18 in restitution. Flores timely appealed.

**DISCUSSION**

**¶8**          Flores's counsel has advised this court that after a diligent search of the entire record, he has found no arguable question of law. He points out, however, that the count of attempted sexual conduct with a minor was mischaracterized as a class 2 felony throughout the proceedings, including the order of confinement and sentencing order. The trial court's sentencing transcript, however, shows that the trial court correctly sentenced Flores under the class 3 felony range for that offense and requests that this court amend the order of confinement and sentencing order to reflect the correct class level. Because the trial court's oral pronouncement generally controls a sentencing discrepancy, *State v. Hanson*, 138 Ariz. 296, 304–05 (App. 1983), we therefore amend the sentencing order and order of confinement to reflect that Flores was convicted and sentenced for attempt to commit sexual conduct with a minor, a class 3 felony.

**¶9**          Flores filed a supplemental brief making two arguments. First, Flores argues that his counsel was ineffective. An ineffective assistance of counsel claim must be handled through a post-conviction relief proceeding under Arizona Rule of Criminal Procedure ("Rule") 32. *State v. Spreitz*, 202 Ariz. 1, 3 ¶ 9 (2002) ("ineffective assistance of counsel claims are to be brought in Rule 32 proceedings"). Accordingly, we do not consider the argument. *Id*. ("Any such claims improvidently raised in a direct appeal, henceforth, will not be addressed by appellate courts regardless of merit.").

**¶10**          Next, Flores argues that insufficient evidence supported his conviction. If after a full consideration of the case, the trial court has a duty to grant a new trial when the verdict is against the weight of evidence. Ariz. R. Crim. P. 24.1(c)(1); *State v. Fischer*, 242 Ariz. 44, 48 ¶¶ 13–14 (2017). An appellate court defers to the discretion of the trial judge who tried the case and who personally observed the proceedings. *Id*. at 50 ¶ 21. Because the trial court did not order a new trial, we presume that it found sufficient evidence to support the verdict and defer to that conclusion. *See State v. Hill*, 174 Ariz. 313, 323 (1993) (stating that a motion that is not ruled on is deemed denied by operation of law).

**¶11**          Sufficient evidence supported the conviction, and the trial court did not err in not granting a new trial under Rule 24.1(c)(1). Two witnesses testified that Flores sexually assaulted them as minors. Flores had been involved in the personal lives of the minors when the incidences occurred. Both the minors' mothers provided testimony supporting the minors and providing additional context and detail. Further, A.A. and A.B.

had first made the claim that Flores sexually abused them close in time to the incidents and both mothers filed police reports. Although A.B. could not remember being molested by Flores while sleeping on the floor, the forensic interview provided sufficient evidence that the act occurred. *See* R. Evid. Ariz. 803(5) (Recorded Recollection). Neither family knew nor was aware of the allegations made against Flores. Considering the evidence, the trial court did not abuse its discretion in finding that sufficient evidence supported the verdict. *See Fischer*, 242 Ariz. at 50 ¶ 21. Further, Flores supplemented his brief with additional arguments which we also find meritless.

**¶12**　　　　We have also reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, and find none. All the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, the Rules of Evidence for Courts in the State of Arizona, and constitutional and statutory rights. Counsel was appointed to Flores, who represented him through trial and sentencing. We decline to order more briefing. Upon the filing of this decision, defense counsel shall inform Flores of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Flores shall have 30 days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.

## CONCLUSION

**¶13**　　　　For the reasons stated, we affirm Flores's convictions and sentence as amended.

